Sample, adm'r, &c. vs. Lipscomb, adm'x.

No. 97.—UZIAH C. SAMPLE, administrator, et al. plaintiffs in
    error, vs. HARRIET LIPSCOMB, administratrix, defendant
    in error.

[1.] Every fact or circumstance serving to elucidate or throw light upon the
    issue being tried, constitutes proper evidence in the case.

[2.] Administrators or executors, plaintiffs in an action, are bound by their
    admissions in relation to the subject-matter of the suit. If they injure the
    estate by these, they are answerable thereto. But third persons must be
    protected in acting on them, certainly, in all suits instituted by the admin-
    istrator or executor.

Assumpsit, in Troup Superior Court. Tried before Judge
BULL, May Term, 1855.

This was an action of assumpsit, brought by Harriet Lips-
comb, administratrix of Nathan Lipscomb, against Uziah C.

Sample, administrator of Wm. M. Sample, deceased, and James A. Sample, on the following note :

"By the 25th day of December, 1851, we promise to pay Nathan Lipscomb, or bearer, the sum of Three Hundred and Thirty-three Dollars and Thirty-three Cents, for the timber on five hundred acres of land, to-wit: numbers 52, 51 and 39, lying in the 14th district of originally Carroll, now Heard County, it being the last payment for said timber. For value received, this 31st December, 1849.

WILLIAM M. SAMPLE,<br>JAMES A. SAMPLE."

The defendants, among other things, pleaded, "that in the year 1849, a partnership was formed and entered into by Nathan Lipscomb, William M. and James A. Sample, to run a steam saw-mill, and that this note sued on was a partnership transaction; that the partnership affairs had not been settled, no account ever having been taken; and further, that the said Lipscomb paid this note sued on, into the partnership concern, as a part payment of his one third part of the expenses in erecting said mill and running the same, which he agreed and promised to furnish and advance."

On the trial, Counsel for plaintiff offered the note in evidence and closed his case.

The Counsel for defendant then offered in evidence articles of agreement and partnership, for the erection and running of a steam saw and grist-mill, between Nathan Lipscomb, William M. and James A. Sample, dated the 1st day of November, 1849, in which, among other things, it was stipulated, that the said Lipscomb "agreed that the notes given him by William M. and James A. Sample, for two thirds of five hundred acres of timber, shall be shoved off at or on the best terms they can be, and the money is to pay said Lipscomb's one third part of the expenses in the mills; said Lipscomb does not bind himself to pay any more money for the erection.

of said mills than what may be got for the said notes on Wil-·
liam M. and James A. Sample," &c.

To the introduction of this paper, Counsel for plaintiff ob-
jected; and it was submitted to the Court whether, under any·
state of facts involved in the case or presented by the pleas,
it could be evidence.   The Court sustained the objection, and
Counsel for defendants excepted.

Counsel for defendant then offered to give in evidence the·
admissions and statements of Mrs. Harriet Lipscomb, in sub-
stance, as follows: " that after the death of Lipscomb, she·
expressed a desire to have the mills completed and to pay her
part of the expenses ; that she would, as administratrix, have
the note (sued on) appraised, but would account to the de-
fendants for the note in a general settlement of the mill af-·
fairs."   To the admission of this evidence, Counsel for plain-·
tiff objected.

The Court sustained the objection, and Counsel for defend-
ant excepted ; and upon these exceptions errors have been,
assigned.

BIGHAM, for plaintiff in error.

B. H. HILL, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] It is our opinion, that though, perhaps, it cannot be·
said accurately that the instrument offered in evidence, and
rulêd out by the Court, served to show in what manner the·
note before the Court was to be paid, as was insisted on by
the Counsel for the plaintiff in error; yet, that it did serve
to prove the nature of the partnership, and may have served·
to account for the manner in which the note was given up by
Lipscomb to the other partners, as was alleged in the plea,,
and to explain how it may have been delivered in payment of

his share of expenses, and permitted to remain in the hands of W. A. Sample, as a mere partnership memorandum.

In this point of view, it may serve to elucidate or throw light upon the transaction. And we know that every fact or circumstance having this effect upon the issue being tried, constitutes proper evidence in any case.

We think that the Court erred, therefore, in rejecting this instrument.

[2.] We are also of opinion, that the Court erred in holding that the admissions of the plaintiff, as administratrix, did not bind the estate, and was not proper evidence in this case.

Administrators or executors, plaintiffs in an action, are bound by their admissions, in relation to the subject-matter of the suit, and they make them at their peril. They may injure the estate by making these improvidently; but the consequences must be between them and the estate. These admissions must be acted on by third persons with whom they deal, and must be held binding on those who make them, certainly, in all suits instituted by them. *Hill vs. Buckminster*, (5 *Pick.* 391.)

Any other rule would most unjustly place every one having dealings with these trustees, entirely at their mercy.

Let the judgment be reversed.