*Patterson & Copeland,* contra.

---

## BRONNER *v.* WILLIAMS.

ATKINSON, J. 1. The mere fact that before the evidence was concluded on the trial of a capital case, which lasted several days, the judge, after the court had taken a recess in the evening until the next morning, left and went to his residence in an adjoining county to spend the night, and on another occasion, after the case had been submitted to the jury and during a recess of the court, the judge again went to his home and spent the night, the jury in each instance being left in charge of the bailiff, would not render the trial of the accused void, and, after conviction, authorize his discharge upon habeas corpus. The case of *Horne* v. *Rogers,* 110 *Ga.* 362 (5), 369 (35 S. E. 715, 49 L. R. A. 176), and cases therein cited involved questions made upon application for new trial, and the judge's absence occurred under different circumstances than those involved in the present case.

2. The judge did not err in refusing to discharge the petitioner on habeas corpus.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

No. 215. NOVEMBER 17, 1917.

Habeas corpus. Before Judge Eason. City court of McRae. February 19, 1917.

*A. C. Saffold, Hamilton Burch,* and *Eschol Graham,* for plaintiff. *W. A. Wooten, solicitor-general,* for defendant.