## 30911.  BAILEY *v.* THE STATE.

DECIDED JULY 14, 1945.  REHEARING DENIED JULY 27, 1945.

*C. G. Baltle,* for plaintiff in error.

*Lindley W. Camp,* solicitor, *E. E. Andrews,* solicitor-general, *Durwood T. Pye,* contra.

BROYLES, C. J.  Ira Bailey was tried in the criminal court of Fulton County on an accusation containing two counts.  Count 1 charged him with operating a lottery, known as the number game, in said county on November 17, 1944; and count 2 charged him with such operation on November 24, 1944.  He was convicted on both counts; obtained a writ of certiorari, and, on the hearing thereof, the certiorari was overruled and that judgment is assigned as error.

The evidence, direct and circumstantial, amply authorized the conviction on the first count.  As to count 2, the evidence was

wholly circumstantial, but we think it was sufficient to exclude every *reasonable* hypothesis except that of the defendant's guilt. There was testimony showing that the number-game lottery was in operation in Fulton County on November 17, 1944, and on November 24, 1944, and that defendant was a "pick-up" man for the lottery and aiding and abetting others in its operation.

Special assignment (g) complains of the admission of testimony by a witness for the State that while he was searching the defendant's house on November 17, 1944, he found therein a small glass "with about an inch of corn whisky in it and an empty bottle on the table." The evidence was objected to on the ground that it was irrelevant, and prejudicial to the defendant, that the charge against him was "lottery and not whisky." We think that the evidence as to the finding of the whisky was inadmissible; but, under all the facts of the case, we do not think the error requires another trial. The illegal testimony related to the charge in count 1 of the accusation, and the testimony as to the transaction there charged was overwhelming as to the defendant's guilt. An accomplice of his testified that he (the accomplice) was a "writer" for the lottery and that he turned over the tickets written by him to the defendant at the defendant's house, and that on the night of November 17, 1944, he carried some lottery tickets to the defendant's house for the purpose of giving them to the defendant, but that after getting into the house the tickets were taken from him by a policeman. That evidence was not disputed except by the defendant in his statement to the jury. Furthermore, the undisputed evidence showed that the officers found several thousand dollars in cash in the defendant's house, and a quantity of lottery tickets.

In our opinion, the questions raised in the other special assignments of error have been decided adversely to the defendant in many former decisions of this court and are without merit.

The overruling of the certiorari was not error.

*Judgment affirmed. Gardner, J., concurs.*

MacINTYRE, J., concurring specially. Fulton County, Georgia, is a "wet county" and merely to have whisky in one's possession is not a violation of law. The officer, Paul Harrison, in his testimony, described the condition in which he found the room in question, and detailed the surrounding circumstances at the home

of the defendant at the time they found one William Tucker as he was entering the defendant's home with lottery tickets hidden upon his person. Tucker himself testified that he was the "writer man" carrying the tickets to the defendant's home, and that both he and the defendant were participating in the lottery in question. Harrison, in further detailing the attending circumstances, testified that "I went in the front door [of the defendant's home] and Ira [the defendant] was sitting in the kitchen. There were two more people sitting at the table by the defendant, and some white man was standing there along with some negro men. . . There was a little 'jigger' or small glass with about an inch of corn whisky in it and also an empty bottle on the table." They also found over $2000 in silver coins, one-dollar bills, ten-dollar bills, twenty-dollar bills, fifty-dollar bills, and one-hundred-dollar bills, all of which were in a regular bank sack hidden in a trunk. The defendant objected to the testimony as to the whisky on the ground that it was irrelevant, immaterial, and prejudicial. The objection was overruled and he now excepts to that judgment. Even if the admission of this evidence could be said to be error, I think that it was harmless. See, in this connection, *Franklin* v. *Macon,* 12 *Ga.* 257; *Sample* v. *Lipscomb,* 18 *Ga.* 687.