42098. SMAHA et al. v. STATE HIGHWAY DEPARTMENT.

DEEN, Judge. 1. On the appeal from the award of the special master in a condemnation proceeding involving the taking of

a tract of vacant land for interstate highway purposes, the two witnesses for the condemnor appraised the market value of the land taken at $12,560 and $15,169.95 respectively, while those for the condemnee assessed its value at $42,000 and $47,195.15. The jury found the market value to be $12,000 plus consequential damages. There was testimony as to the size and shape of the tract of land fronting on Riverside Drive in Bibb County, and considerable evidence as to its contour, which varied from grade level to 25 feet below grade level, and as to the extent of flooding in wet weather. Both aerial and ground level views of the property were in evidence. Since the jury had before it the relevant and pertinent facts upon which an estimate of value must be made, and since it is not absolutely bound to accept as correct the opinions or estimates of the witnesses (*Baker v. Richmond City Mill Works*, 105 Ga. 225 (31 SE 426)), but may arrive at a different figure, even though such figure is somewhat higher or lower than that to which any witness has testified (*Hoard v. Wiley*, 113 Ga. App. 328 (147 SE2d 728)), provided it is within the range of all of the evidence from which value may be determined, it follows that the fact that the figure set by the jury as the value of the land taken was $560 below the lowest estimate given by any expert witness is not cause for reversal.

2. Evidence of the value of similar nearby property as shown by sales at or about the time of the taking of the land at issue is admissible to throw light on the value of the property being condemned, and whether or not such other property is sufficiently similar in location, use and potential to make the information relevant is usually within the sound discretion of the trial judge. *West v. Fulton County*, 95 Ga. App. 320 (97 SE2d 785). An exception to this rule is that it is not competent to prove what the *condemnor* has paid or offered for similar property "upon the consideration that in such transactions neither party is free from compulsion." *Georgia Power Co. v. Brooks*, 207 Ga. 406, 410 (62 SE2d 183). The trial court, apparently applying this latter rule, excluded certain testimony of Leggett, an appraiser for the condemnor, who on cross examination stated that he had appraised six other pieces of property for the same project. Two of these involved vacant land like that being condemned and on the same side of the road, one immediately adjacent to the Smaha

property and one 1,000 feet from it. The acreage and road frontage of these tracts were stated, and counsel for the condemnee then asked the witness for the figure at which he had appraised each of the other pieces of property. The trial court apparently sustained the objection to the questions not on the basis of dissimilarity of the properties involved but because the appraisal was made in the course of a condemnation proceeding. Counsel stated that he expected the witness' answer to show that the valuations placed by him on the other pieces of property were so greatly in excess of that placed by him on the subject property as to show prejudice, and that the question was asked for the purpose, not of showing the sale price of property for its probative relationship to the value of the property in dispute but for the purpose of attacking the credibility of the witness. Under the broad rules obtaining in Georgia as to the right to a thorough and sifting cross examination, including the right to show bias and prejudice on the part of the condemnor's appraiser (in which connection see *Harrison v. Regents of the University System*, 99 Ga. App. 762 (109 SE2d 854)), the testimony would have been admissible for this purpose, since any appraisal should be an honest attempt to arrive at market value and should not be considered subject to the objection applicable to awards or compromise settlements actually made by a condemnor, which do not necessarily reflect a willing-seller, willing-buyer situation. In J. A. & C. Bennett v. Winston-Salem South-Bound R. Co., 170 N. C. 389 (87 SE 133, 136) (North Carolina being a state in which the character and value of surrounding tracts of land is generally irrelevant in fixing the value of land in dispute) it was held that where the plaintiffs did not attempt to show substantively by the cross examination of the defendant's witness what the value of their lot was as compared with his, but asked what the witness had realized from the sale of his own property as a method of testing the value of his opinion, he having placed a very low valuation in comparative terms upon the similar property of the plaintiffs, the question was a proper method of cross examination. In other words, such evidence does not go to prove the value of the land in dispute, but it may well impeach the knowledge or credibility of the witness. Indubitably, in the present case the error, if any, was harmless where the jury's verdict was apparently not influenced by the testimony of Leggett, being

some $3,000 less than his appraisal and also less than the appraisal of another witness for the condemnor whose figure was lower than that of Leggett.

3. Where a "strip map" showing construction plans for the interstate highway project was introduced in evidence without objection, and where the only objection to testimony of the witness explaining it to the jury was: "We are real interested in this information, we don't have any special objection except to save time. We don't see how an explanation of how the interstate highway system is going to work is material to the issue involved . . . we think it is irrelevant and immaterial," and where the part of the testimony immediately preceding this objection was descriptive of the area immediately adjacent to and within 400 or 500 feet of the property taken, the objection fails to show wherein the testimony was irrelevant or that it was in any way prejudicial to the movant. The court's action in overruling it is without error.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

ARGUED JUNE 8, 1966—DECIDED JUNE 24, 1966—
REHEARING DENIED JULY 8, 1966.

*Melton, McKenna & House, Andrew W. McKenna,* for appellants.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, Horace E. Campbell, Jr., Deputy Assistant Attorney General, Harris, Russell & Watkins, Reese Watkins,* for appellee.