## 46041.   SOLLEK v. LASETER.

BELL, Chief Judge. The plaintiff brought this action to recover damages arising out of an automobile collision. The defense the defendant pleaded was that the plaintiff had made an accord and satisfaction of all claims in the complaint and released the defendant from any and all claims. She attached to her answer a copy of an agreement executed between the plaintiff and the defendant's insurance company. The defendant moved for a

separate trial on the issue of whether the plaintiff made an accord and satisfaction. The trial court granted defendant's motion and certified the order for immediate review. *Held:*

Section 42 (b) of the Civil Practice Act provides: "The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross claim, counterclaim or third party claim, or of any separate issue or of any number of claims ... or issues." *Code Ann.* § 81A-142 (b). At trial it is highly probable that the fact that the defendant has the benefit of liability insurance will of necessity be brought to the attention of the triors of the fact, when the question of an accord and satisfaction is litigated. Interjecting into a case either by evidence or by way of argument that the defendant has liability insurance is a never-ending potential source of prejudicial error and has caused many mistrials and reversals. See *Wallace v. Cates,* 120 Ga. App. 228 (170 SE2d 40). The granting of a separate trial as to any separate issue is a discretionary matter for the trial judge and there will be no reversal unless there is a clear and manifest abuse of that discretion. No abuse of discretion has been shown and the judgment is

*Affirmed. Pannell and Deen, JJ., concur.*

ARGUED MARCH 1, 1971—DECIDED JUNE 24, 1971.

*Bryan, Carter, Ansley & Smith, James B. Gurley,* for appellant.
*Powell, Goldstein, Frazer & Murphy, C. B. Rogers,* for appellee.