## 56889. BASSHAM v. DIAMOND.

BIRDSONG, Judge.

Wrongful death action. The facts show that the decedent and two companions were driving in an automobile on Interstate 285 about 6 a.m. when their automobile became disabled. The occupants of the vehicle, three young men, started to walk along the edge of the highway seeking to obtain assistance. The evidence indicated that it was prior to sunrise, that the area was dark, the pedestrians were wearing dark clothing, they carried no light, the area was not illuminated, the weather was overcast, traffic was congested, and visibility was poor. The three men were near the vicinity of one of the access roads of Interstate 20 as it merges into I-285. The young men were walking in an elongated triangular area marked by painted stripes which separated the outside (opposite the median) lane of I-285 from the access lane of I-20. There were numerous signs along the interstate highway prohibiting pedestrians from walking on the highway. There was evidence that the men could have walked alongside but not on the

highway.

The appellee, Mrs. Diamond, was in the process of entering I-285 from I-20. She looked to her left rear to see if she had clearance to enter I-285 and when she looked back to merge into the outside lane of I-285, she saw three persons in front of her car. She applied her brakes, skidded approximately 110 feet, but nevertheless struck and instantly killed the decedent Albrecht, appellant Bassham's son. The jury returned a verdict for the appellee Diamond, defendant below, which was made the the judgment of the court. Mrs. Bassham brings this appeal, enumerating 13 alleged errors, nine dealing with with evidentiary matters and four with the charge of the court. *Held:*

1. Enumerated errors 1, 2, 3, 4, 5, 6, 7, and 9 raise substantially the same error, i.e., that the testimony concerning similar acts of driving by motorists other than Mrs. Diamond and similar acts of pedestrians other than the deceased Albrecht, is irrelevant and tends to invade the province of the jury. All of the disputed questions and answers concerned the same ramp observed under circumstances similar to, or perhaps less hazardous than, those existing at the time of the accident.

It is the general rule that negligence cannot be shown by similar acts or omissions on other or different occasions. However, whether Mrs. Diamond was negligent in driving across the triangular strip in an effort to merge into I-285, and whether Albrecht was negligent in walking on the strip between the access lane and one of the main traffic lanes of I-285 were principal questions facing the jury. Thus, evidence that the place where the deceased was walking was a dangerous place under any circumstances, that certain forms of driving in that area were common and accepted means of driving, that pedestrians commonly did not use that portion of the highway or that pedestrians would have known of the dangerous position they would be in while walking in that portion of the highway constituted evidence that was highly relevant to a resolution of the question of negligence and upon whom to place responsibility for the accident. Thus, it has been held that evidence tending to show that the place where the pedestrian was walking

was dangerous for pedestrians is properly received. *Hulsey v. Sears, Roebuck & Co.,* 138 Ga. App. 523, 526 (3) (226 SE2d 791). So is evidence designed to show that pedestrians had knowledge of the dangerous conditions. *Hogg v. First Nat. Bank,* 82 Ga. App. 861, 872 (62 SE2d 634). Also evidence that similar occurrences had not been observed is relevant. *Higgins v. Cherokee Railroad,* 73 Ga. 149; *Hulsey v. Sears, Roebuck & Co.,* supra. See *Wright v. Dilbeck,* 122 Ga. App. 214, 217 (176 SE2d 715). The totality of this evidence served to elucidate or throw light upon the ultimate questions to be answered by the jury; accordingly, the questions and answers were properly allowed by the trial court. *Cox v. K-Mart Enterprises,* 143 Ga. App. 30, 32-33 (237 SE2d 432).

Furthermore, we note that, although the questions to which objection was entered in enumerations 1 and 2 were indeed asked, no answer was given to either question. Where the answers called for would have constituted admissible evidence, it can hardly be said that un-answered questions would or could have been harmful. See *Firestone Tire &c. Co. v. King,* 145 Ga. App. 840, 843 (244 SE2d 905). Lastly, we note that appellant has declined to brief or submit argument or authorities in support of enumeration of error no. 9. This enumeration therefore is abandoned. *O'Kelley v. Hayes,* 132 Ga. App. 134, 135 (207 SE2d 641). Enumerations 1-7 and 9 are without merit.

2. In enumeration of error 8, appellant argues that it was error to allow the officer investigating the accident to give his opinion as to the reaction time available to Mrs. Diamond from the time she first saw the three pedestrians until the impact with Albrecht. The evidence shows that the officer spent four hours investigating the accident. He observed the lighting condition, the road condition, the skidmarks, talked to eyewitnesses, and was personally familiar with the area from his official duties. Under the facts, it was not error to allow the witness to give his opinion, based both upon personal observation and hearsay, as to reaction time. *Harris v. Collins,* 145 Ga. App. 827 (245 SE2d 13); *Herrin v. State,* 138 Ga. App. 729, 732 (227 SE2d 498); *City of Atlanta v. McLucas,* 125 Ga. App. 349 (2) (187 SE2d 560). This enumeration likewise

lacks merit.

3. Enumerations 10 through 13 all complain of portions of the charge of the trial court. We find none of the charges to be argumentative or to constitute a comment by the trial court upon the evidence, and further, we find each of the charges of which complaint was made to be responsive to the evidence and addressed to the issues. In short, we find that the charge of the court was full, fair and correctly presented legal guidelines to the jury to decide the issues before it. There is no material error in any part of the charge of the court. See *Hill v. Copeland,* 148 Ga. App. 232. These enumerations of error are without merit.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED OCTOBER 31, 1978 — DECIDED JANUARY 5, 1979.

*Long, Denton & Spencer, Allen D. Denton, Blackburn & Bright, J. Converse Bright,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Eugene G. Partain, Anthony L. Cochran,* for appellee.