76051. PARKS et al. v. CONSOLIDATED FREIGHTWAYS et al.
(370 SE2d 827)

BEASLEY, Judge.

Terry Parks, his mother-in-law Mrs. Reid, his wife, and his daughter through her representatives, appeal from the verdict and judgment in favor of defendants Consolidated Freightways, Horne, and Safeco Insurance Company. Parks, Reid, and the child were injured in a traffic accident involving a Consolidated tractor-trailer driven by Horne. Parks was rendered a quadraplegic. Safeco posted the bond required by OCGA §§ 46-7-12 (a) (c) & 46-7-58 (a) (c).

The evidence supporting the verdict showed that Parks was driving a pickup truck west on Cascade Road with his then three-year-old daughter in the center and Mrs. Reid in the passenger's seat. No one was wearing seatbelts. He stated he saw a big blur in front of the truck, panicked, and jammed on the brakes, causing the truck to go

---

into a skid and hit the east-bound tractor-trailer driven by Horne. The dispute as to liability arose over Parks' contention that the tractor-trailer had veered over the centerline into his lane, causing his reaction and the wreck. He contended that the initial impact occurred in his lane. Horne and two eyewitnesses saw the pickup truck weave back and forth more than once and cross the centerline. One saw the child standing up in the seat seconds before impact. All stated that the impact occurred in the eastbound lane and that Horne took evasive action.

Both sides also produced experts in accident reconstruction, although plaintiffs' had never examined the vehicles except via photographs and only saw the scene three years after the accident. Defendants' had examined the vehicles and visited the scene within three weeks of the wreck.

1. Plaintiffs first complain that the trial court erroneously bifurcated the trial into liability and damages phases over their objection. In their written response to defendants' motion, plaintiffs contended that it was necessary for them to introduce expert medical evidence as to how the quadraplegia-producing injury occurred in order to support their version of the accident. There is, however, nothing in the record or transcript showing any proffer of this evidence.

The court ordered the issues tried separately pursuant to OCGA § 9-11-42 (b). "Severance is largely a matter of discretion for the trial judge, and absent clear and manifest abuse of that discretion, it will not be interfered with on appeal." *Wheels & Brakes v. Capital Ford Truck Sales*, 167 Ga. App. 532, 533 (1) (307 SE2d 13) (1983); *Vitner v. Funk*, 182 Ga. App. 39, 43 (1) (354 SE2d 666) (1987). Bifurcating the issues of liability and damages was held appropriate in another vehicle collision case involving physical injuries and medical damages. *Cline v. Kehs*, 146 Ga. App. 350 (1) & (2) (246 SE2d 329) (1978).

There was no error and plaintiffs have shown no harm from the bifurcation in any event.

2. The second enumeration claims error in the trial court's denial of plaintiffs' motion for j.n.o.v. or new trial due to the court's failure to answer or respond to a question posed by the jury during its deliberations.

After the jury began deliberating, it sent out the following question: "Must the jury assign negligence to either party involved?" Shortly after the court and counsel began discussing the response to be made, the jury indicated it had a verdict. It was returned on the special verdict form and revealed that the jury found all parties not negligent.

At the time the announcement was made that there was a verdict and before it was published, plaintiffs voiced no objection to the court's receiving the verdict without answering the jury's question.

After the verdict was read, plaintiffs voiced their approval as to the form of the verdict and expressed no disapproval until their motion for new trial.

Sequence-wise, it is impossible for such an error to have been the subject of a motion for directed verdict, which is a prerequisite to its being considered in the motion for j.n.o.v. OCGA § 9-11-50 (a) & (b). Further, it is not the proper subject of such a motion. OCGA § 9-11-50 (a).

The failure to charge is a possible ground for a motion for new trial. OCGA § 5-5-24. However, plaintiffs were required to object to the trial court's refusal to instruct the jury before accepting the verdict if they wished that action. OCGA § 5-5-24 (a); see *Glenridge Unit Owners Assn. v. Felton*, 183 Ga. App. 858, 860 (6) (360 SE2d 418) (1987). Refusing a new trial on this tardy ground was not error.

3. Plaintiffs contend that the denial of the motion for new trial on the "general grounds" was error. See *Towns v. State*, 185 Ga. App. 545 (365 SE2d 137) (1988), as to the "general grounds." "The grant or denial of a motion for new trial . . . is a matter within the sound discretion of the trial court and will not be disturbed . . . if there is 'any evidence' to authorize it." *Associated Software &c. v. Wysocki*, 177 Ga. App. 135, 137 (338 SE2d 679) (1985); *Glenridge Unit Owners Assn.*, supra. Plaintiffs conclude from the jury's answering "no" as to both parties' negligence after having asked the question set out above that the jury must have erroneously concluded that this was a true "accident" for which neither plaintiffs nor defendants were legally responsible. See *Benson v. Hunter*, 184 Ga. App. 40 (360 SE2d 612) (1987); *Chadwick v. Miller*, 169 Ga. App. 338 (1) (312 SE2d 835) (1983).

As instructed by the court, if the jury found that defendants were not negligent, or not proved negligent by a preponderance of the evidence, there could be no recovery by plaintiffs, regardless of the degree, if any, of their own negligence. Thus, any conclusion on the jury's part as to plaintiffs' negligence was gratuitous and a legal nullity. It provides no basis for a motion for new trial, since there was evidence from which the jury could have found defendants not negligent.

Even if the verdict must be read to mean that the jury did conclude that this was an accident not attributable to any of the parties, it would not require a new trial for plaintiffs. There was evidence that the child may have created a sudden emergency to which her father reacted in a reasonable fashion, and that Horne's reaction was not negligent, resulting in a true legal accident. See *Chadwick*, supra; *Reece v. Callahan*, 164 Ga. App. 131, 132 (296 SE2d 425) (1982). This rationale still supports the verdict and judgment entered on it.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

*Clayton Sinclair, Jr.*, for appellants.
*Edgar A. Neely III, Randall H. Davis*, for appellees.