A89A1280. ARRINGTON et al. v. HAND.
(388 SE2d 52)

BENHAM, Judge.

Appellants, allegedly the paternal grandparents of the child they sought to adopt, appeal from the denial of their motion for new trial on their petition for adoption. The trial court denied the petition after concluding that in the year preceding the filing of the petition, the child's mother had not failed to communicate with the child, and that while the mother had not made financial contributions to the child's support, it would not be in the best interests of the child to terminate his relationship with his natural mother. See OCGA § 19-8-6 (b).

1. Appellants contend that the trial court erred in failing to accept, as a matter of law, that they were the child's paternal grandparents. Since OCGA § 19-8-6 (b) is only applicable to adoption proceedings brought by a stepparent or relative, (*Curde v. Matson*, 190 Ga. App. 782 (1) (380 SE2d 71) (1989)), and since the trial court found that even if appellants were the child's grandparents, they had failed to make the necessary showing for an adoption under OCGA § 19-8-6 (b), even if the trial court erred, as appellants contend, the error was harmless.

2. Appellants also take issue with the trial court's failure to grant their petition for adoption after finding that the child's mother had not made financial contributions to the child's support. However, failure to support the child financially is not dispositive of the issue of adoption. OCGA § 19-8-6 (b) (2) requires the trial court to determine prior to the grant of an adoption whether, where a natural parent has failed to support his/her child, adoption is in the best interests of the child. The trial court, having concluded that adoption was not in the best interest of the child, did not err in denying the adoption.

3. Appellants also contend the trial court erred in finding justification for the mother's failure to support the child financially. While the legislative enactment of the current version of OCGA § 19-8-6 (b)

omits the former requirement that a trial court make a specific finding that a parent's failure to support was without justifiable cause, "the legislature intended that in adoption proceedings any issue of a natural parent's justification for his 'significant failure' to support or communicate with his child be subsumed into and resolved in the context of whether the severance of the parental relationship would be in the 'best interest of the child.'" *Kirkland v. Lee*, 160 Ga. App. 446, 449 (287 SE2d 365) (1981). Thus, the trial court's consideration of the natural parent's reasons for failing to provide support was not erroneous.

4. Appellants enumerate as error the trial court's failure to appoint an attorney to represent the child pursuant to OCGA § 15-11-85, which provides that "[in] any proceeding for terminating parental rights . . . the court shall appoint an attorney to represent the child. . . ." The proceeding in the trial court was not for the termination of parental rights under OCGA § 15-11-81, but was for the adoption of a child under OCGA § 19-8-6, where surrender or termination of parental rights is not required. Although the effect of a decree of adoption relieves the natural parents of all parental rights and terminates all legal relationships between the adopted child and his natural parents (OCGA § 19-8-14 (a) (1)), there is a difference in the effect between a termination of parental rights and an adoption. "The termination of parental rights is designed to protect a child who has been abandoned, deprived, or unsupported. An adoption does more. A new relationship between the child and the adopting parents is created." *Menard v. Fairchild*, 254 Ga. 275 (1) (328 SE2d 721) (1985). In an adoption proceeding, "the rights and obligations of a natural parent, and those of an adopting parent, to a child are not conclusively altered until the date of the final order of adoption." *Johnson v. Parrish*, 159 Ga. App. 613 (1) (284 SE2d 111) (1981). Since in a proceeding to terminate parental rights the child will effectively be without a parent, it is understandable that the legislature would see the need to protect the child by requiring that an attorney be appointed to represent the child. However, in an adoption proceeding the child is not without a parent, because a new parental relationship is created simultaneously with the termination of the old relationship. Since the adoption statutes do not require the appointing of an attorney for the child, the trial court did not err in failing to appoint an attorney pursuant to OCGA § 15-11-85.

5. Appellant's remaining enumerations of error require a review of the evidence presented at the hearing. That hearing was not transcribed and no acceptable substitute for a transcript was submitted. See OCGA § 5-6-41 (g) and (i). In the absence of a transcript, we must assume that the trial court's findings were supported by the evidence and that the trial court's actions taken during the hearing were

appropriate. *Baugh v. Robinson*, 179 Ga. App. 571, 572 (346 SE2d 918) (1986).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 9, 1989.

Burkett, Wydro & Schneider, Gene Burkett, for appellants.
Carey M. Cameron, for appellee.