A95A2136. WHITLEY v. GWINNETT COUNTY et al.
(470 SE2d 724)

BLACKBURN, Judge.

In this wrongful death case, Mary Whitley appeals the grant of Gwinnett County, Georgia's (the County) motion for partial summary judgment and jury verdicts for the County and Roger Dewitt, a Gwinnett County police officer. She enumerates 11 errors.

This case arose after Officer Dewitt's patrol car collided broadside with a car driven by Mary Whitley's husband, James Whitley, who suffered fatal injuries. At the time of the collision, Officer Dewitt was on routine patrol, delivering some papers. As he traveled down a state highway, approaching an intersection just before a bridge over Interstate Highway 985, James Whitley exited I-985. The intersection was part of a typical interstate interchange insofar as it had entrance ramps and exit ramps separated by a bridge over the interstate. Officer Dewitt testified that he applied maximum braking when he realized James Whitley failed to stop at the stop sign at the end of the exit ramp and was entering the intersection. Officer Dewitt was unable to avoid the collision.

In April 1991, Whitley filed a complaint individually and as administratrix of James Whitley's estate alleging negligence against Officer Dewitt and joint and several liability against the County under a respondeat superior theory. Whitley filed an amended complaint in September 1993, alleging that the Gwinnett County Department of Transportation (County DOT) negligently failed to maintain the intersection where the collision occurred.

The County moved for partial summary judgment on this claim, arguing that (1) the intersection where the fatal collision occurred was part of the state highway system and was not under the County's

control; (2) the amendment was time barred and (3) Whitley's failure to attach the requisite affidavit to a professional malpractice claim was fatal. The trial court granted the motion and also granted the defendants' motion to bifurcate the trial's liability and damages phases. The jury returned a verdict in favor of Officer Dewitt and the County.

1. Whitley first contends the trial court erred in granting partial summary judgment to the County as to her negligent maintenance claim, arguing in pertinent part that her claim against the County for negligent maintenance is not a professional malpractice claim requiring an affidavit.

"[T]he relevant inquiry is whether 'a particular claim is grounded upon "professional malpractice," that is, an act or omission caused by a "professional" which constitutes malpractice.' [Cit.]" *Adams v. Coweta County*, 208 Ga. App. 334, 335 (2) (430 SE2d 599) (1993). In the present case, the amended complaint alleged that the County DOT breached its primary responsibility to initiate a formal request for a traffic signal to the Georgia DOT when it knew or should have known that the intersection at issue presented an unreasonable risk to drivers.

It is undisputed that to acquire a traffic control device, the County DOT was required to apply to the Georgia DOT for a permit. The application process required the County DOT's engineers to prepare a traffic control study justifying the necessity of the traffic control device. These engineers were also required to submit a proposal for the signal's design to accompany the application. This evidence demonstrates that the process of applying for a traffic control signal permit required "the exercise of professional skill and judgment" by agents recognized as professionals under Georgia law. Id. Furthermore, the fact that an expert witness would be required to prove the claim against the County DOT is further proof that Whitley's allegations are not of simple negligence. Id. at 336. Notwithstanding Whitley's argument that the need for the traffic control device was patently obvious, the rule remains that "[e]ven in cases of 'clear and palpable' professional negligence it is still necessary that the plaintiff file an expert affidavit contemporaneously with the filing of the complaint." (Punctuation omitted.) Id. Consequently, the trial court properly granted summary judgment on this claim.

2. Whitley argues that the trial court erred in bifurcating the issues of liability and damages because there was but one issue to be tried, damages were merely the measure of relief flowing from that issue, and there was no dispute about causation or other issues which might confuse the jury about damages.

We disagree. Courts are authorized to bifurcate issues to further convenience or avoid prejudice. OCGA § 9-11-42 (b). The decision to bifurcate is reviewed for clear and manifest abuse of discretion. *Sol-*

*lek v. Laseter*, 124 Ga. App. 131, 132 (183 SE2d 86) (1971). Whitley has not shown how bifurcation prejudiced her. Inasmuch as we have upheld the bifurcation of the liability and damages issues in other vehicle collision cases, we find the trial court did not abuse its discretion in the case sub judice. *Parks v. Consolidated Freightways*, 187 Ga. App. 576, 577 (1) (370 SE2d 827) (1988); *Cline v. Kehs*, 146 Ga. App. 350 (1) (246 SE2d 329) (1978).

3. Whitley argues that the trial court erred in granting defendants' motion in limine on the admissibility of similar accidents at the intersection. She maintains the evidence was relevant to the issues of the dangerousness of the intersection, whether Officer Dewitt knew or should have known of the danger, and how the collision occurred.

Generally, evidence of similar accidents is not admissible to prove negligence. *Bassham v. Diamond*, 148 Ga. App. 620, 621 (1) (252 SE2d 23) (1979). Although evidence of similar collisions has been admitted in the past to show the Georgia DOT's knowledge of the need for traffic control devices, see *Dept. of Transp. v. Brown*, 218 Ga. App. 178, 183 (4) (460 SE2d 812) (1995), the decision to exclude evidence is reviewed for abuse of the trial court's discretion. Id. at 183. See also *Gary v. E. Frank Miller Constr. Co.*, 208 Ga. App. 73, 74 (1) (430 SE2d 182) (1993).

The trial court excluded the evidence as immaterial because Officer Dewitt denied any knowledge of the dangers of the intersection and no other evidence imputed knowledge to him. Had the motion in limine been denied, Whitley would have introduced a post-accident traffic study, eleven accident reports from the same intersection, and testimony by five witnesses on the visual obstruction caused by the bridge rail.

The evidence showed that Officer Dewitt had been a traffic officer in the county for 18 years and had served on a special accident investigation unit for years; however, none of the excluded reports linked Officer Dewitt to any of the accidents at the intersection. Thus, we cannot say the court abused its discretion in excluding them as irrelevant. Moreover, the relevance of the traffic study, which was conducted after the accident, is at best tenuous. Further, the additional evidence of visual obstruction would have been cumulative because Officer Dewitt's supervisor in the accident investigation unit and the state trooper who investigated this collision both testified about the visual obstruction caused by the bridge rails just before the intersection. Under these circumstances we cannot say that the trial court abused its discretion in excluding this evidence.

The dissent would find that evidence of similar side-impact collisions at the intersection where the collision occurred was relevant to impeach Officer Dewitt's testimony and to show that Dewitt knew or should have known of hazardous conditions at the intersection before

he collided with the decedent's car. Although Dewitt denied knowledge of the similar collisions, the dissent questions Dewitt's unchallenged veracity based on evidence of Dewitt's history as an officer with Gwinnett County Traffic Control. Credibility is resolved at the trial court, and this Court has no authority to do so. During the hearing on the motion in limine, the trial court asked plaintiff's counsel if there was any evidence to dispute the defendants' contention that Dewitt had no knowledge of the additional collisions, plaintiff's counsel merely responded: "All the evidence about Officer Dewitt's knowledge and notice would be circumstantial evidence." Plaintiff's counsel did not tender any evidence of the other collisions or attempt to make an offer of proof with regard to the circumstantial evidence at the pretrial hearing. Near the end of the defendants' case at trial, plaintiff's counsel made what he termed an "offer of proof," of the documents ruled inadmissible at the pretrial motion hearing. Counsel neither detailed these documents for the trial court, nor did he question the veracity of Officer Dewitt. For the first time, plaintiff tendered the accident reports of the other collisions. Plaintiff did not impeach Dewitt at trial because he did not testify as to his knowledge of the other collisions at trial as the trial court had previously ruled such evidence inadmissible.

This Court has held many times that issues not properly raised in the trial court will not be considered on appeal. See *City of Dalton v. Smith*, 210 Ga. App. 858 (1) (437 SE2d 827) (1993). "In order to raise on appeal contentions concerning admissibility of evidence the specific ground of objection must be made at the time the evidence is offered, and a failure to do so will be considered as a waiver." (Punctuation and emphasis omitted.) *Hunter v. State*, 202 Ga. App. 195, 197 (413 SE2d 526) (1991). In the present case, plaintiff's counsel failed to present evidence with regard to Dewitt's knowledge of previous collisions at the intersection involved. Therefore, as plaintiff did not make the trial court aware of her impeachment argument, it was waived.

4. Whitley maintains that defendants' counsel opened the door on the issue of the relative dangerousness of the intersection by asking the state trooper who investigated the accident whether the intersection at issue was any worse than other obstructions he sometimes saw on the roadway. Whitley argues that she was entitled to introduce the accident reports to counter the trooper's negative response.

The question at issue was asked in the context of whether the vision problem at the intersection was any worse than any other simi-

larly situated intersection.[1] Presumably, however, a "similarly situated intersection" would contain the same visual obstructions as the present intersection, and therefore, the officer's statement would be true. Its relevance is lessened even more by the fact that it did not contemplate whether the other intersections had signals. Whitley has cited no authority on point requiring the admission of this evidence. The authority Whitley relies on allows the admission of otherwise excluded evidence for impeachment purposes. See, e.g., *Patterson v. Lauderback*, 211 Ga. App. 891, 892 (440 SE2d 673) (1994) (admission of insurance when a party with insurance claimed he could not pay medical bills). However, the admission of the accident reports would not have impeached the trooper's response because the trooper did not deny that other accidents had occurred at the intersection at issue or that there was no vision problem there. In fact, he testified that he knew the intersection was dangerous prior to the collision at issue. Compare id. This testimony cannot be rebutted solely by evidence of other collisions at this intersection. Indeed, even if other evidence could establish that the opinion was likely incorrect, it does not *rebut* the fact that it is the officer's opinion. Therefore, it could not be rebuttal evidence. The continued exclusion of this evidence was not harmful error.

5. Whitley contends that the trial court erred in permitting defendants' accident reconstructionist to introduce evidence of two computer runs and corresponding Mylar slides simulating the accident at different speeds which were not provided to her until trial despite pretrial discovery requests for all computer simulations the expert conducted.

"In the absence of a deliberate withholding for improper purposes, it is the general rule that '(w)hen a party proffers at trial evidence which should have been disclosed during discovery, exclusion of the proffered evidence is not an authorized sanction. The proper sanction is to order a postponement or mistrial.' [Cits.]" *Wilson v. Southern R. Co.*, 208 Ga. App. 598, 602 (3), 603 (431 SE2d 383) (1993).

There is no evidence that the exhibits at issue were deliberately withheld for improper purposes. It is undisputed that they were the

---

[1] The testimony was as follows: "Q. So you've seen probably a lot of both Gwinnett County and a lot of surrounding counties? A. Yes, sir. Q. Have you seen other intersections similar to State Highway 20 and 985 where there are some obstructions either created by shrubbery or created by bridge railings before? A. Yes, sir. Q. And in any of those situations where there may be obstructions, again whether they are created by shrubbery or bridge railings or anything else, is it generally the case that if you move up a little bit or move back a little bit you can see plainly? A. In my experience traveling through them, yes, sir. Q. Was this particular intersection on that night any worse than any of those other type of obstructions that you sometimes see on the roadway? A. No, sir, not in my opinion."

same as other exhibits properly provided during discovery except that the expert entered different speeds of Officer Dewitt's car into the computer calculations. After Whitley objected, the court gave her time to review the exhibits with the witness overnight before cross-examining him. Inasmuch as this solution comports with the rule in *Wilson*, the trial court did not abuse its discretion in declining to exclude the exhibits. Id. at 604.

6. Whitley maintains that the trial court erred in limiting her cross-examination of the director of the County DOT regarding his failure to bring his investigative file of the collision to trial.

This file, which Whitley subpoenaed, was the subject of a successful motion to quash.[2] As a result, the County's counsel instructed the director not to bring the file to trial. Because this fact does not tend to prove a matter in dispute, the trial court did not abuse its discretion in limiting the cross-examination on this point. *Ga. Kraft Co. v. Laborers' Intl. Union &c.*, 170 Ga. App. 581, 582-583 (1) (317 SE2d 602) (1984).

7. Whitley argues that the trial court improperly charged the jury on comparative negligence by failing to compare her husband's negligence to that of all of the alleged tortfeasors, including the County DOT.

The charge as given mirrors the correct rule of law as set out in *Union Camp Corp. v. Helmy*, 258 Ga. 263, 268 (367 SE2d 796) (1988). Furthermore, the *requested* charge does not apply to the facts in the case. It instructs the jury to "compare any negligence of the plaintiff to the combined negligence of all persons you find may have contributed to the . . . collision, whether or not they are parties to this lawsuit." In Division 1, however, we accepted Whitley's argument that the new cause of action in the amended complaint should relate back because the amended cause of action was asserted against the same party, i.e., the County's police department and the County's DOT. She cannot have it both ways. Moreover, because Whitley fails to articulate or cite the specific evidence adduced at trial which would support the charge, we affirm. See *Valdez v. Power Indus. Consultants*, 215 Ga. App. 444, 447 (451 SE2d 87) (1994).

8. Whitley argues that the trial court erred in refusing to charge on last clear chance.

"[T]he last clear chance doctrine has no application unless the defendant knew of the plaintiff's perilous situation and had opportu-

---

[2] There is no transcript of the hearing in which the motion was decided. However, in deciding to limit Whitley's cross-examination regarding why the director did not bring the file, the court stated that it recollected it had granted the motion to quash. In the absence of a transcript, we must assume this recollection was correct. See *Arrington v. Hand*, 193 Ga. App. 457, 458-459 (388 SE2d 52) (1989).

nity to take evasive action to avoid injuring him." *Simpson v. Reed*, 186 Ga. App. 297, 298 (4) (367 SE2d 563) (1988); *Harrison v. Feather*, 178 Ga. App. 35, 36 (342 SE2d 1) (1986).

In the present case the evidence indicates that from the time Dewitt knew the decedent's car was not going to stop until the accident occurred no more than two or three seconds elapsed. Dewitt was unable to avoid the collision on the left due to a guard rail and bridge abutment, and he was unable to maneuver to the right because Whitley's car was in the right lane. Therefore, Dewitt applied maximum braking and went into a controlled skid.

In order to justify a charge on last clear chance, there must be evidence to support the fact that the defendant had the opportunity to take evasive action to avoid the collision. *Stallings v. Cuttino*, 205 Ga. App. 581, 583 (422 SE2d 921) (1992). Because there was no such evidence in the present case, the trial court did not err in not charging on last clear chance.

9. Whitley argues that the trial court erred in refusing to give her proximate cause charge. The charge she requested included the sentence: "The proximate cause is the dominant cause of the event which produces injury." We do not approve of that language. See *Locke v. Vonalt*, 189 Ga. App. 783, 788 (377 SE2d 696) (1989). Because that portion of the request is inapt, denial was not error. *Mattox v. MARTA*, 200 Ga. App. 697, 699 (4) (409 SE2d 267) (1991). Moreover, the charge given was a correct statement of the law. Id.

10. Whitley asserts that the trial court erred in denying her motion for mistrial based on improper references in opening and closing arguments to Officer Dewitt's unblemished record and fine reputation.

Pretermitting the propriety of these statements, because the record shows that Whitley failed to contemporaneously object to them, her argument is waived on appeal. *Chandler v. State*, 204 Ga. App. 816, 818 (1), 819 (421 SE2d 288) (1992); *Keri v. State*, 179 Ga. App. 664, 669-670 (6) (347 SE2d 236) (1986); *Favors v. State*, 145 Ga. App. 864, 865-866 (2) (244 SE2d 902) (1978).[3]

11. Whitley argues that the trial court erred in denying her motion for mistrial based on undue delay.

The record shows that the jury began deliberating on a Thursday, but due to an illness in the judge's family, it was released after a half day on Friday when a substitute judge could not answer a question the jury submitted. After the jury reconvened on the following Wednesday, Whitley and defendants unsuccessfully moved for a mis-

---

[3] In opening, counsel stated his client had an unblemished record. In closing, counsel stated he respected his client.

trial due to undue delay.

A denial of a motion for mistrial is reviewed for abuse of discretion. *Tuggle v. State*, 211 Ga. App. 854, 855 (2) (a) (440 SE2d 740) (1994). Whitley cites no authority requiring a different disposition of her motion, and we have found none. Nor did the mere delay cause such prejudice as to require reversal. Under these circumstances, reversal is not warranted. Accord, *Bronner v. Williams*, 147 Ga. 389 (94 SE 250) (1917) (no reversal when judge left county during overnight recess in capital case with sequestered jury); *Ideal Pool Corp. v. Champion*, 157 Ga. App. 380, 385 (6) (277 SE2d 753) (1981) (no reversal when judge left bench while counsel stated objections to jury charge).

*Judgment affirmed. Beasley, C. J., Birdsong, P. J., Pope, P. J., Andrews, Johnson, Smith and Ruffin, JJ., concur. McMurray, P. J., dissents.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent as it is my view that the trial court erred in refusing to give Whitley's request to charge on last clear chance. I also believe the trial court erred in excluding evidence of similar side-impact collisions at the intersection, testimony from several other accident victims regarding visibility problems at the intersection and proof that the County had rated the intersection as one of its most dangerous intersections.

1. Although I agree with the majority the last clear chance doctrine has no application unless the defendant knew of the plaintiff's perilous situation and had an opportunity to take evasive action, *Simpson v. Reed*, 186 Ga. App. 297, 298 (4) (367 SE2d 563), I cannot go along with the majority's conclusion that there was no evidence to support a charge on last clear chance. Specifically, I strongly disagree with the majority's factual finding that Officer Dewitt was unable to do anything but brake to avoid the collision. I have studied Officer Dewitt's testimony, a diagram of the accident scene, photographs of the wrecked vehicles and a report concerning the relative positions of the vehicles at the time of the collision and I find no proof which *demands* a finding, as stated by the majority, that "Dewitt was unable to avoid the collision on the left due to a guard rail and bridge abutment, and he was unable to maneuver to the right because Whitley's car was in the right lane." While this logic is appropriate for jurors, I do not think it suitable for an appellate court upon judicial review.

"It is well established that a charge is proper if there is any evidence, however slight, on which to predicate it. *Cale v. Jones*, 176 Ga. App. 865, 868 (4) (338 SE2d 68) (1985)." *Beal v. Braunecker*, 185 Ga. App. 429, 433 (4) (364 SE2d 308). In the case sub judice, the evidence reveals that, after slowing at a traffic light just before approaching

the subject intersection, Officer Dewitt accelerated to at least 50 miles per hour and then entered the bridge that went over the intersecting highway. Officer Dewitt testified that he observed James Allen Whitley's car stopped some 50 to 80 feet from the intersection as he started over the bridge. Whitley's car then proceeded into the intersection at about five to seven miles per hour, when Officer Dewitt's patrol car was about 130 to 150 feet away. Officer Dewitt explained that when he saw Whitley's car it was too late to take evasive action.

The evidence in this case bears no significant difference from the circumstances in *Simpson v. Reed*, 186 Ga. App. 297, supra, where this Court held that a charge on last clear chance was authorized by evidence indicating "that [the defendant], though 25 yards distant and aware of [the plaintiff's] presence crossing the road on the diagonal, nevertheless failed to take advantage of the distance to avoid injuring appellee by taking evasive action." Id. at 298 (4). I believe the above proof, along with the fact that Officer Dewitt could have turned left or right to avoid the collision (albeit a hard choice), authorizes a charge on liability based on last clear chance.

2. Mary Whitley argues that evidence of similar side-impact collisions at the intersection was not only relevant to prove the generally hazardous conditions at the intersection, but was also relevant to show that Officer Dewitt knew or should have known of hazardous conditions at the intersection before he accelerated into James Allen Whitley's car. I agree and would reverse.

Although evidence of similar accidents is generally not admissible to prove negligence, *Bassham v. Diamond*, 148 Ga. App. 620, 621 (1) (252 SE2d 23), such evidence may be admissible if it tends to shed some light upon a fact in issue. See *Dept. of Transp. v. Brown*, 218 Ga. App. 178, 183 (4) (460 SE2d 812). And while I agree with the majority that the relevancy of other occurrences generally lies within the sound discretion of the trial court, I cannot go along with a holding which affirms the exclusion of evidence which I view as probative to key issues that were before the jury. See *Norfolk Southern R. Co. v. Thompson*, 208 Ga. App. 240, 247 (7) (430 SE2d 371); *Reed v. Heffernan*, 171 Ga. App. 83, 84 (1) (a) (318 SE2d 700). I think the majority's view disregards the old maxims that " '[e]very fact or circumstance serving to elucidate or throw light upon the issue being tried, constitutes proper evidence in the case.' *Sample v. Lipscomb*, 18 *Ga.* 687. 'Where the competency of evidence is doubtful, it should go to the jury, that they may consider how far its force is impaired by surrounding incidents.' *Augusta Factory v. Barnes*, 72 *Ga.* 217 (5 a) (52 Am. R. 838); and the converse of this rule has been stated thus: 'It is relevant to put in evidence any circumstances which tend to make the propositions at issue either more or less probable.' *Todd v. Ger-*

*man American Insurance Co.*, [2 Ga. App. 789, 790 (4) (59 SE 94)]. 'Evidence which is only indirectly relevant to the issue on trial, but which tends somewhat to illustrate it and to aid the jury in arriving at the truth of the matter, should be admitted . . . The rule in this State is to admit evidence[, even if it] is of doubtful relevancy.' *Talbotton Railroad Co. v. Gibson*, 106 *Ga.* 229, 236 (32 S. E. 151); *Dalton v. Drake*, 75 *Ga.* 115; *Savannah, F. & W. Ry. Co. v. Flannagan*, 82 *Ga.* 579 (9 S. E. 471, 14 Am. St. R. 183)." *A. A. A. Hwy. Express v. Hagler*, 72 Ga. App. 519, 520 (1) (34 SE2d 462).

In the case sub judice, Mary Whitley proffered, in pertinent part, multiple accident reports showing side-impact collisions at the subject intersection and testimony from several witnesses of these collisions concerning a visibility obstruction (a bridge guardrail) that caused the similar collisions. The majority concludes that this evidence was immaterial because Officer Dewitt denied prior knowledge of a dangerous condition at the intersection and the proffered evidence did nothing to refute Officer Dewitt's claim of ignorance, i.e., the reports did not indicate that the officer investigated or was otherwise involved in the prior occurrences. This conclusion, however, fails to take into account proof that Officer Dewitt may not have been completely candid about his knowledge of prior collisions at the intersection in question.

Officer Dewitt had been a traffic control officer in Gwinnett County for 18 years before the collision, he had served on the County's special accident investigation unit for several years and, in this capacity, he had worked with the County's chief traffic control engineer, who admitted that he was familiar (before the fatal collision) with visibility problems at the intersection. While this evidence alone may not discredit Officer Dewitt's claim that he had no prior knowledge of visibility problems at the intersection, when taken with proof that a long list of police accident reports existed involving similar collisions at the subject intersection (all which appear to have been compiled by the very accident investigation unit where Officer Dewitt was assigned before the fatal collision), the veracity of Officer Dewitt's claim of prior ignorance of the visibility hazard at the intersection becomes an issue for the jury. Assuming the contrary, however, I believe the proffered accident reports would have been directly relevant to Mary Whitley's claim that Officer Dewitt should have known (as a long-time Gwinnett County officer, specializing in traffic control) about the dangers associated with accelerating toward a blind intersection, without pause. Under these circumstances, I do not agree that the trial court was correct in determining that the excluded evidence was immaterial.

3. I also think the trial court erred in excluding Whitley's proffer of testimony from several witnesses concerning a visibility obstruc-

tion at the intersection that was caused by a nearby guardrail. I believe this evidence was relevant to rebut the defense's claim that James Allen Whitley's negligence was the sole proximate cause of his fatal injuries. Specifically, James Allen Whitley's perspective of the oncoming hazard posed by Officer Dewitt's accelerating patrol car was relevant to issues of contributory negligence and to the defense of comparative fault. See Charles R. Adams III's and Cynthia Trimboli Adams' Georgia Law of Torts (1989), §§ 16-1 and 16-4, and §§ 17-1 and 17-2. The majority holds, however, that any error in this regard was harmless because Officer Dewitt's supervisor in the accident investigation unit and the state trooper who investigated the collision testified about the guardrail obstruction. I cannot go along with this harmless error tact. Neither the trooper that investigated the collision, nor Dewitt's supervisor in the accident investigation unit had experienced a collision due to the guardrail obstruction at the intersection. Witnesses proffered by Mary Whitley had. Only they would have been able to convey the full extent and consequences of the visibility obstruction that was presented to James Allen Whitley moments before the collision.

When determinations of negligence and comparative fault may have been based upon the testimony of the only surviving eyewitness, Officer Dewitt, whom Mary Whitley was erroneously precluded from impeaching, an appellate court should not second guess the fact-finding process, but should reverse and remand for a new trial wherein determinations of negligence and comparative fault may be reached by a jury that is properly allowed to resolve the credibility of the witness. *Dept. of Transp. v. Adams*, 193 Ga. App. 866 (1), 867 (389 SE2d 343).

4. Finally, I agree with Mary Whitley's contention that the excluded evidence regarding prior similar collisions at the intersection, as well as proof that the County had rated the intersection as one of its most dangerous intersections, was relevant to rebut an investigating police officer's testimony that the intersection was no more dangerous than any other similarly situated intersection. " 'It is error requiring the grant of a new trial to deny a party the right to cross-examine witnesses as to vital issues concerning which they have testified upon direct examination.' *Harrison v. Regents &c. of Ga.*, 99 Ga. App. 762 (1) (109 SE2d 854) (1959)." *Dept. of Transp. v. Adams*, 193 Ga. App. 866 (1), supra.

DECIDED MARCH 15, 1996 —
RECONSIDERATION DENIED MARCH 29, 1996 — 

*James L. Ford, Terry D. Jackson*, for appellant.
*Boyce, Ekonomou & Atkinson, Peter F. Boyce, William M. Coo-*

*lidge III*, for appellees.