58623. HUGHES et al. v. NEWELL et al.

McMURRAY, Presiding Judge.

This is an action for damages arising from an automobile collision. Plaintiffs are Emory Doyle Hughes

and Laura Hughes, husband and wife. The husband was allegedly injured when his vehicle was struck from the rear while stopped at a traffic light by a vehicle operated by defendant Leah Ann Williams Newell (this defendant has married since the date of the accident and at that time was Leah Ann Williams). The plaintiff wife sued for loss of consortium. Named as a co-defendant under the family purpose car doctrine was John Williams, the father of Leah Newell.

At the close of evidence, the trial court directed a verdict in favor of defendant John Williams and against plaintiffs, holding that plaintiffs had failed to present any evidence that the automobile operated by defendant Leah Newell was a family purpose automobile. The trial court also directed a verdict in favor of the plaintiffs and against defendant Leah Newell on the issue of negligence, submitting to the jury the issues of proximate cause and damages.

The jury returned a verdict in favor of Leah Newell, the remaining defendant. The plaintiffs' motion for new trial was denied and they now appeal contending that the evidence required a verdict in favor of the plaintiffs; that the trial court erred in allowing the defendant to inquire on cross examination as to the arrest record of the plaintiff Emory Hughes, and that the trial court erred in directing a verdict in favor of defendant John Williams. *Held:*

1. The motion of John Williams to dismiss the appeal as to him as a party defendant is denied. Although the caption of the motion for new trial did not name John Williams as a party, the service upon his attorney of a copy of the motion was compliance with the service requirement of Code § 70-306. Under Code Ann. § 6-803 (a) (Ga. L. 1965, pp. 18, 21; 1966, pp. 493, 496; 1968, pp. 1072, 1077) the pendency of a motion for new trial extends the time for filing a notice of appeal. All parties to the proceeding in the trial court shall be parties on appeal. Code Ann. § 6-802 (Ga. L. 1965, pp. 18, 20; 1966, pp. 493, 495; 1973, pp. 303, 304).

2. At the close of all evidence, but before argument, the court instructed the jury that the case was dismissed as to Mr. Williams, who was no longer in the case. The court then stated further: "Also, the Court has directed a

verdict as to liability, but nothing else, not the question of causal relations or the nature and extent of any injuries received, if any, and about which I will charge you at the proper time." During the charge following argument, the court again instructed the jury as follows: "It is true that I have directed a verdict as to liability, that means I have held as a matter of law that under this evidence the defendant was negligent. I have not made any ruling whatsoever about proximate cause or intimated to you what damages, if any, the plaintiffs, . . . [might be entitled to]." Again the court instructed the jury that it had ruled as a matter of law "that the defendant was negligent," hence one of the questions the jury had to determine "is whether or not that negligence was the proximate cause of the plaintiffs' injuries or damages in this case."

The trial court should not have used the word "liability" when directing the verdict as to negligence only, for to find "liability" it contains both negligence and that this negligence was the proximate cause of the plaintiffs' injuries or damages. However, the court correctly instructed the jury that it still must determine "whether or not that negligence [of the defendant found as a matter of law to be in the case] was the proximate cause of the plaintiffs' injuries or damages."

The issue of liability was determined only in part by the trial court's direction of the verdict as to negligence in favor of plaintiffs and against Leah Newell. The issue of proximate cause remained as defendants were liable only if their negligence was the proximate cause of plaintiffs' injuries and damages. See *Walls v. Parker*, 146 Ga. App. 882, 883 (2) (247 SE2d 556); *Rhodes v. Levitz Furn. Co.*, 136 Ga. App. 514, 516 (1) (221 SE2d 687); *St. Paul Fire & Marine Ins. Co. v. Davidson*, 148 Ga. App. 82, 83 (2) (251 SE2d 32). Even in *Walls v. Parker*, 146 Ga. App. 882, 883 (1), supra, this court did not correctly refer to the meaning of liability for it there stated: "This testimony amounted to a confession of liability," when it really amounted to only a confession of "negligence as a matter of law." The court in the case sub judice properly directed the verdict as to *one* of the material issues only. See Code Ann. § 81A-150(a) (Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248). This did not require the jury to return any

amount of damages for the plaintiffs.

The plaintiffs presented evidence of substantial damages. Plaintiff Emory Hughes testified that soon after the accident he was sore and that later his neck and upper back were giving him trouble. Then plaintiff Emory Hughes began having headaches. Two types of headaches were identified: one a continuing low level of pain and the other much more severe but of relatively short duration. Those headaches resulted in severe depression and other personality changes. Plaintiff Laura Hughes testified as to her loss of consortium arising from the altered behavior of her husband after he began having his headaches.

Considerable medical testimony was introduced by plaintiffs as to the diagnosis and treatment of plaintiff Emory Hughes' headaches and resulting emotional difficulties. That portion of the medical testimony which served to establish a causal link between the automobile collision and the headaches was expert opinion testimony as opposed to testimony as to a fact. The jury is always free to reject expert opinion testimony and substitute their own knowledge and experience. *Woods v. Andersen,* 145 Ga. App. 492, 494 (4) (243 SE2d 748). We also note that the medical experts whose testimony was introduced by plaintiffs were not certain and conclusive as to the causal link between the automobile collision and the headaches suffered by the plaintiff Emory Hughes. One of the physicians testified that there was no way to say whether the headaches were a direct result of the collision and another noted that the types of headaches experienced by plaintiff Emory Hughes were not of the type which would be expected following a trauma involving the brain. Also, there was evidence that the possibility of a genetic problem could not be ruled out. As the jury was authorized to reject the opinion testimony tending to establish the causal link between the automobile collision and the headaches suffered by Emory Hughes, no finding of proximate causation was required. Therefore, no verdict in favor of plaintiff was demanded that the damages suffered were caused by the collision.

On direct examination plaintiff Emory Hughes testified that he had experienced only normal headaches and had never consulted a doctor about any headache

conditions prior to the collision. But on cross examination evidence was presented that Emory Hughes, on being admitted to a hospital prior to the date of the collision, had indicated on the admission forms that he had been previously hospitalized for a problem with headaches. If the jury believed that plaintiff Emory Hughes had made such a prior contradictory statement on this material issue, his credit as to other matters would be for the jury and they would be authorized to disregard the testimony of Emory Hughes. Code § 38-1806; *St. Paul Ins. Co. v. Henley,* 141 Ga. App. 581, 583 (1) (234 SE2d 159); *Wooster v. Boles,* 130 Ga. App. 542, 543 (1) (203 SE2d 745).

Plaintiffs further contend that uncontradicted evidence as to the soreness and backaches of plaintiff Emory Hughes requires a verdict of some amount in favor of plaintiffs. The Georgia Motor Vehicle Accident Reparations Act (Ga. L. 1974, p. 113 et seq.; Code Ann. Chapter 56-34B) is applicable to this case, and plaintiffs acknowledge the threshhold imposed by Code Ann. § 56-3410b (Ga. L. 1974, pp. 113, 121) which must be exceeded before plaintiffs are entitled to any recovery. However, plaintiffs argue that the evidence requires a finding that a serious injury as defined in Code Ann. § 56-3402b (j) (Ga. L. 1974, pp. 113, 114; 1975, pp. 1202, 1203) occurred when the soreness following the automobile collision resulted in plaintiff Emory Hughes' disability for not less than 10 consecutive days. There is not any direct, positive evidence on this point, and we find no evidence which would require a finding that the injuries of plaintiff Emory Hughes exceeded the threshhold of Code Ann. § 56-3410b, supra. *Cochran v. Lynch,* 126 Ga. App. 866, 867-868 (192 SE2d 165), which is cited by plaintiffs, was decided prior to enactment of the Georgia Motor Vehicle Accident Reparations Act and is inapposite on the facts.

As the cause of action of plaintiff Laura Hughes for loss of consortium is derivative in nature, no verdict in her favor would have been authorized where there was no recovery by her husband, plaintiff Emory Hughes. *Douberly v. Okefenokee Rural Elec. Membership Corp.,* 146 Ga. App. 568, 570 (3) (246 SE2d 708).

3. On direct examination the plaintiff Emory Doyle Hughes presented testimony denying that he had been

arrested sometime prior to the collision and charged with causing a riot. Plaintiffs' second enumeration of error alleges error when the defendant's attorney attempted to further explore this issue. A party cannot complain about evidence brought out in cross examination where the evidence was first explored on direct examination. See in this regard *Sullens v. State,* 239 Ga. 766, 767 (2) (238 SE 2d 864) and *Chaffin v. State,* 227 Ga. 327, 329 (180 SE2d 741).

4. Plaintiffs' action against John Williams was predicated upon the family purpose car doctrine, was purely derivative in nature and dependent upon the principle of respondeat superior. The verdict in favor of Leah Ann Williams Newell, his agent, requires a verdict in favor of John Williams. *Roadway Express Inc. v. McBroom,* 61 Ga. App. 223, 226 (6 SE2d 460).

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED OCTOBER 15, 1979 — DECIDED NOVEMBER 30, 1979.

*Mark J. Kadish, E. Marcus Davis, Audrey S. Rose, David L. Harrison,* for appellants.

*Richard B. Eason, Carolyn J. Kennedy,* for appellee.