71418. HARRISON v. FEATHER et al.
(342 SE2d 1)

BIRDSONG, Presiding Judge.

The appellant Vernice Harrison was plaintiff below in a suit arising out of an auto collision. Verdict was returned for the defendants James Feather and Buffalo Rock Pepsi Cola Bottling Co. of Newnan.

Harrison complains of the trial court's refusal to grant her motion for directed verdict based on grounds that the evidence is undisputed she was sitting in a legally parked car when appellee Feather, driving a Pepsi Cola truck, backed out and hit her. See *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448, 450 (224 SE2d 25) where it was held that "where there is no dispute as to the facts, and they amount to a confession of liability as a matter of law, a directed verdict is warranted." The facts in evidence in this case amount to a "confession of negligence" as a matter of law (see *Hughes v. Newell*, 152 Ga. App. 618 (263 SE2d 505), which exemplifies the difference between liability as a matter of law based upon confession of negligence and liability attaching only after proof of negligence to the requisite degree). There was evidence authorizing the jury to conclude that Ms. Harrison had just been in another accident in the grocery warehouse parking lot and, while waiting for the police, had left her

car parked halfway out into the traffic lane, thus "obstructing traffic more than is necessary." OCGA § 40-6-270 (a); see *Brock v. Avery Co.*, 99 Ga. App. 881, 885-886 (110 SE2d 122). Assuming this was true, the evidence and all reasonable deductions therefrom nevertheless demands a finding that the defendant was well aware of any peril created by the plaintiff's negligence, that he "knew" he could get by her car safely with his truck, and that in the end he collided with her car because of his miscalculation. The evidence is undisputed that any negligence of the plaintiff was "at an end" (*Bennett Drug Stores v. Mosely*, 67 Ga. App. 347, 350 (20 SE2d 208)), before the defendant proceeded. He was charged with knowledge of her negligence and the obligation to avoid the peril she created. "[W]here the defendant *knows* of the plaintiff's perilous situation, and realizes, or has reason to realize, the plaintiff's . . . condition . . . the defendant is charged with the duty of using with reasonable care and competence his *then* existing ability to avoid harming the plaintiff." *Southland Butane Gas Co. v. Blackwell*, 211 Ga. 665, 670 (88 SE2d 6). See also *Hurst v. J. P. Colley Contractors*, 167 Ga. App. 56 (306 SE2d 54).

"'The doctrine of last clear chance means that even though a [plaintiff's] own acts may have placed him in a position of peril, yet if another acts or omits to act with knowledge of the peril, and injury results, the injured person is entitled to recover.'" *Lovett v. Sandersville R. Co.*, 72 Ga. App. 692, 695 (34 SE2d 664). The doctrine of last clear chance assumes, as its premise, that it is the plaintiff who has created, through negligence or helplessness, a perilous situation, and places liability on the defendant when he could have avoided that peril with the exercise of reasonable care. The evidence in this case demands a finding that after the plaintiff's negligence was at an end the defendant, clearly recognizing the danger, proceeded nevertheless and struck her car because he miscalculated. While ordinarily questions of negligence and causation are for the jury, in a clear case where "there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." OCGA § 9-11-50 (a). The trial court should have directed a verdict for the plaintiff as to liability for this collision in this case. Accordingly, we find it unnecessary to consider her other allegations of error.

*Judgment reversed. Carley and Sognier, JJ., concur.*

DECIDED JANUARY 28, 1986 —
REHEARINGS DENIED FEBRUARY 20, 1986 AND FEBRUARY 25, 1986 —

Action for damages. Carroll Superior Court. Before Judge Smith. *Jack F. Witcher*, for appellant.

*Kevin B. Buice, David H. Tisinger*, for appellees.