A92A1396. DUNN v. PAYNE.
(422 SE2d 291)

McMURRAY, Presiding Judge.

This is a trespass and nuisance action filed by William W. Dunn, as nominee of a partnership, Richard Carson, and Darlene Carson. The plaintiffs' property is downhill from the property of defendant Lecil J. Payne, whose property is in turn downhill from that owned by Hilltop Village Associates. The complaint alleges that the Hilltop Village Associates parcel was modified in 1979 by the construction of a shopping center, causing an increase in the runoff of surface water which when combined with the runoff from the Payne parcel causes damages to plaintiffs' land. Plaintiffs seek damages from Payne for

the failure to modify his land so as to prevent such harm. Plaintiff Dunn also alleges that he is entitled to enforce the provisions of an injunction entered in a previous trespass action against Payne by Eugene Green, Dunn's predecessor in title. Although not named as a party in plaintiffs' complaint, Hilltop Village Associates was named as a third party defendant by Payne.

Upon the trial of the case, the jury returned a verdict on Dunn's claim for damages in favor of Payne. On plaintiffs Richard Carson's and Darlene Carson's claim the jury awarded $10,000 compensatory and $30,000 punitive damages, while Payne prevailed on the third party claim and obtained a judgment for $10,000 against Hilltop Village Associates. Plaintiff Dunn appeals the judgment of the trial court. *Held*:

1. Plaintiff Dunn enumerates as error the denial of his motion for directed verdict. The argument in support of this enumeration of error is directed solely to plaintiff Dunn's assertion that the issue of defendant Payne's liability is conclusively established by the decision in previous litigation between Payne and Green, plaintiff Dunn's predecessor in title. Plaintiff Dunn contends that because Payne was found liable to Green in the previous litigation for damage caused by excess water runoff and was ordered to correct the problem, defendant Payne is bound by this previous determination of liability under the principles of res judicata or collateral estoppel. While plaintiff Dunn argues that defendant Payne should be precluded from relitigating the identical issue, the transcript shows that the present cause of action cannot be deemed to be the same which was previously before the trial court. The present action addresses a different period of time than was at issue in the previous case, plaintiff Dunn being able to seek damages only for that period subsequent to the purchase of the property by himself and his partners. The previous judgment binds only as to the facts in issue and events existing as of the time of that judgment. See *Dept. of Transp. v. City of Atlanta*, 255 Ga. 124, 126 (1) (337 SE2d 327), and *Durham v. Crawford*, 196 Ga. 381, 386 (4) (26 SE2d 778).

A surface water invasion by itself does not show that a tort has taken place. "When a surface-water invasion has taken place, whether it amounts to a compensable tort is a question of fact for the jury. Nature, gravity, velocity, and relativity, as well as acts of the alleged tortfeasor, are matters that must be considered in determining whether a surface-water invasion constitutes a trespass for which damages are recoverable." *Brand v. Montega Corp.*, 233 Ga. 32, 34 (2) (209 SE2d 581). See also *C. W. Matthews Contracting Co. v. Wells*, 147 Ga. App. 457, 458 (1) (249 SE2d 281). Defendant Payne was entitled to have the jury consider his evidence concerning his compliance with the injunction entered in the previous litigation and his efforts

to abate the flow of water from the shopping center since the judgment in the earlier litigation. Payne testified as to repeatedly spreading straw, grass seed, and planting pine trees on the property in attempts to alleviate the problem. The trial court did not err in denying plaintiff Dunn's motion for directed verdict.

2. " ' "It is well-settled that 'the giving of a charge . . . or . . . the admission or exclusion of evidence, which go only to the matters of damages or the measure of damages, are harmless and afford no ground for reversal where a verdict was returned in favor of the defendant.' " (Cits.)' [*Malloy v. Elmore*, 191 Ga. App. 564, 565 (382 SE2d 395)]. See also *Reliford v. Central of Ga. R. Co.*, 140 Ga. App. 782, 783 (4) (232 SE2d 129) (1976)." *U. S. Indus. v. Austin*, 197 Ga. App. 74 (2), 75 (397 SE2d 469). As applied to the case sub judice, this principle requires that we hold that plaintiff Dunn's second and fourth enumerations of error lack merit.

3. The third enumeration of error contends that the trial court erred in preventing plaintiff Dunn from impeaching the testimony of defendant Payne on cross-examination by questioning him with respect to previous similar lawsuits in which he had been a defendant. When plaintiff Dunn's counsel attempted to inquire as to a separate matter which had occurred several years previous to the events in issue in this case, defendant Payne's counsel objected to the relevance of the inquiry. While plaintiff Dunn now contends that the attempt to inquire into "the Lamar Whitting matter which occurred in 1982," was relevant for the purposes of impeaching defendant Payne by disproving the facts testified by him, this is not established by the transcript of the trial since nothing which transpired at trial could be deemed to establish the relevance of the testimony plaintiff Dunn's counsel sought to elicit. Plaintiff Dunn having failed to show error from the record, this enumeration of error is without merit. *Hirsh v. Dobb*, 224 Ga. 130, 132 (2a) (160 SE2d 386); *Hendricks v. Emerson*, 199 Ga. App. 208, 209 (2) (404 SE2d 279). See also *Williams v. Ricks*, 152 Ga. App. 555, 558 (2) (263 SE2d 457).

4. Plaintiff Dunn's fifth enumeration of error complains of the form of the verdict. However, no objection preserving the issue now argued by plaintiff Dunn was made at trial. The issue not having been preserved by proper objection at trial is deemed waived and nothing is presented for consideration on appeal. *Ray v. Stinson*, 254 Ga. 375 (329 SE2d 502).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 9, 1992.

*Thomas S. Sunderland*, for appellant.

*Pruitt & Britt, Glyndon C. Pruitt, H. Patterson Garner*, for appellee.