A93A1404. HARRISON v. FEATHER et al.
(439 SE2d 706)

SMITH, Judge.

This is the second appearance of this case in this court. In 1983, appellant Vernice Harrison was a plaintiff in an action against appellees James Feather and his employer, Buffalo Rock Pepsi Cola Bottling Company of Newnan, for injuries allegedly sustained as the result of an automobile collision that occurred in 1982. For further background, see *Harrison v. Feather*, 178 Ga. App. 35 (342 SE2d 1) (1986) ("*Harrison I*"). The appeal in *Harrison I* followed a jury trial which resulted in a verdict for the defendants. This court reversed that judgment, finding as error the failure to direct a verdict for plaintiff Harrison "as to liability for this collision in this case." Id. at 36. Harrison subsequently moved for summary judgment as to liability based on *Harrison I*, which was granted. She then moved for summary judgment on the issue of special damages, also based on *Harrison I*. That motion was denied. A second jury trial ultimately was held in 1991. In the second trial, the jury returned a verdict for Harrison. However, as in the first trial, no damages were awarded to her. The trial court denied her motion for new trial, and this appeal followed.

1. As the basis for several of her enumerations of error, appellant argues that *Harrison I* established that appellees' negligence was the "proximate cause" of her injuries. This is incorrect. As related in *Harrison I*, appellant was involved in another accident immediately prior to the collision with the truck driven by appellee Feather. It is clear that, at most, *Harrison I* merely held, as a matter of law, that appellee Feather was negligent with regard to the collision and that "he collided with [Harrison] because of his [negligent] miscalculation." Id. at 36. If it were later proved that Harrison was injured as the proximate result of that collision, appellees would then be liable in damages for those injuries. Id. at 36. The opinion stated that "[t]he facts in evidence in this case amount to a 'confession of negligence' as a matter of law," citing *Hughes v. Newell*, 152 Ga. App. 618 (263 SE2d 505) (1979). Id. That means only that the tort elements of duty and breach have been established. This focuses only on the act, or failure to act, of the defendant who has a duty. It is to be distinguished from "liability." Unfortunately, however, the court in *Harrison I*, supra at 36, went on to state that "[t]he trial court should have directed a

verdict for the plaintiff as to *liability* for this collision in this case." (Emphasis supplied.)

As clarified in *Hughes*, supra at 620, a "trial court should not [use] the word 'liability' when directing the verdict as to negligence only, for to find 'liability' it contains both negligence and that this negligence was the proximate cause of the plaintiffs' injuries or damages." The only thing left for proof in such cases is the fourth element of tort, damages, i.e., the nature of the injuries and the pecuniary amounts attributable to them. See *Samuelson v. Lord, Aeck &c.*, 205 Ga. App. 568, 572 (2b) (423 SE2d 268) (1992). Unlike *Dilworth v. Boeckler*, 187 Ga. App. 241 (370 SE2d 17) (1988), relied upon by appellant, in which a directed verdict on "liability," a composite of elements, was supported, *Harrison I* did not address the questions of proximate cause of the claimed injuries and pecuniary losses. These elements remained to be proved and decided by the jury, and in context, it is clear that what was meant was that *negligence* had been established. The remaining elements of proximate cause and damages were subject to proof. Appellees therefore were not precluded from arguing at trial that although the collision was their fault, it did not cause the injuries of which appellant complains. See *Purvis v. Toole*, 207 Ga. App. 189 (1) (427 SE2d 565) (1993). The trial court therefore did not err in denying appellant's motion for summary judgment on the issue of special damages, nor did the trial court err in later refusing to direct a verdict in favor of appellant as to medical expenses and lost wages.

2. Appellant argues that since the prior accident would not show any pre-existing condition or establish any prior damage sustained by her, testimony or questioning regarding that incident should not have been permitted. Appellant cites no authority supporting her contention, and we are aware of none. As observed in Division 1, the question whether appellant's personal injuries flowed from the collision between appellant and appellee Feather was not answered in *Harrison I*. Appellees were certainly entitled to offer evidence showing that prior incidents were more likely to have caused appellant's injuries than the collision between appellant and appellee Feather. This contention is without merit.

3. Relying upon *Cochran v. Lynch*, 126 Ga. App. 866, 868 (2) (192 SE2d 165) (1972), appellant argues that the verdict was contrary to the law and to the evidence. We do not agree.

In *Cochran* a verdict had been directed as to *liability*. There was no question, therefore, that the plaintiff's injuries were proximately caused by the defendant's negligence. In this case only negligence was established.

In *Cochran*, the testimony of the plaintiff and her doctor "was contradicted by neither testimony nor circumstances." *Davis v. Mc-*

*Cray*, 127 Ga. App. 281, 282 (193 SE2d 200) (1972). See *Purvis v. Toole*, supra. In this case, however, appellees introduced evidence of another accident that occurred immediately before the collision in question. Appellees also introduced testimony suggesting that the truck was moving very slowly, that the collision was too inconsequential to result in personal injury to Ms. Harrison, and that Ms. Harrison did not appear to be injured at the time of the incident. Evidence was introduced from which a jury could have concluded that the entire injury resulting from the collision consisted of the loss of a portion of a rubber strip from appellant's front bumper. "In light of this and additional evidence adduced by appellee regarding the source of appellant's injuries, it cannot be said that the jury *arbitrarily* discounted the testimony of appellant or the opinion of her expert[s]." *Purvis v. Toole*, supra at 189. We find no error.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED DECEMBER 2, 1993 —
RECONSIDERATION DENIED DECEMBER 17, 1993 —

*Word & Flinn, Maryellen S. Mitchell, Jack F. Witcher*, for appellant.

*Tisinger, Tisinger, Vance & Greer, Kevin Buice*, for appellees.