A94A1521. PAYNE v. CARSON et al.
(450 SE2d 273)

ANDREWS, Judge.

Richard and Darlene Carson commenced this trespass and nuisance action against Lecil Payne and the owner of a shopping center, seeking damages for the failure to control runoff surface water that flowed from the shopping center parking lot, across Payne's property, and eventually onto the Carsons' property. Following trial in the matter, the jury awarded the Carsons $10,000 compensatory damages and $50,000 punitive damages against Payne, and awarded Payne $10,000 compensatory damages and $30,000 punitive damages on his third-party complaint against the shopping center.

The jury awarded nothing to the co-plaintiff partnership that owned property situated between Payne's property and the Carsons' property. In an earlier appeal brought by the nominee of that partnership, this court affirmed. *Dunn v. Payne*, 205 Ga. App. 440 (422 SE2d 291) (1992). The instant appeal was delayed by Payne's death following the trial, and is prosecuted by the executrix of his estate.

The evidence showed that in 1979 a shopping center was built on the property adjacent to that owned and lived on by the appellant. Payne allowed the builders to deposit onto his property some loose dirt that was left over from the construction project, but otherwise has not altered his property at any time pertinent to this case. The development of the shopping center resulted in an increased runoff of

surface water and siltation, first onto Payne's property and then onto other property farther down the line. This increase in the runoff of surface water was the subject matter of earlier litigation between the Carsons' predecessor in title, and Payne and the shopping center, resulting in a 1985 judgment pursuant to which (1) the shopping center was to install a drain system, (2) Payne was to give the shopping center an easement on his property so that it could construct the drain system, and (3) following installation of the drain system, Payne was to maintain vegetation on his property to prevent soil erosion.

At trial in the instant case, Payne presented evidence that he made unsuccessful efforts to control erosion by planting grass, pine trees, and spreading straw. However, it was uncontroverted that he never granted the shopping center an easement on his property, and the shopping center did nothing to control the runoff of surface water.

1. Payne contends that the trial court erred in failing to direct a verdict in his favor, on the grounds that he had fully complied with the judgment entered in the previous litigation by attempting to maintain vegetation on the affected area of his property, and thus had no further duty to control the runoff of surface water created by the shopping center. In this regard, he claims that the judgment itself created an easement on his property that authorized the shopping center to install a drain system on his property.

However, the judgment in that previous litigation actually ordered that Payne "be immediately required to give [the shopping center] an easement" for installation of a drain system. The only reasonable construction of that direction is that an affirmative act of granting an easement was required of Payne.

" 'When a surface-water invasion has taken place, whether it amounts to a compensable tort is a question of fact for the jury. Nature, gravity, velocity, and relativity, as well as acts of the alleged tortfeasor, are matters that must be considered in determining whether a surface-water invasion constitutes a trespass for which damages are recoverable.' [Cit.]" *Dunn v. Payne,* supra at 441. In the instant case, by virtue of the judgment entered in the previous litigation, Payne was obligated to take certain measures to control the runoff of surface water, and his failure to comply with that judgment could authorize finding the surface water invasion in this case to be a compensable tort. A jury question existed as to Payne's degree of compliance and any resultant liability, and the trial court thus properly denied Payne's motion for directed verdict and motion for new trial based on the general grounds.

However, we agree with Payne that the evidence did not support the assessment of punitive damages against him. To authorize punitive damages under OCGA § 51-12-5, "there must be evidence of wil-

ful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences. [Cits.]" *Gen. Refractories Co. v. Rogers*, 240 Ga. 228 (239 SE2d 795) (1977). Here, (1) where the shopping center was responsible for the actual increase in the runoff of surface water, (2) where Payne suffered the same damage to his property as the Carsons because of the surface water, (3) where it appears that the shopping center, which faced the financial burden of installing a drain system, at best only passively pursued the necessary easement from Payne, and (4) where Payne's fault was that of inaction, the evidence did not warrant the imposition of punitive damages against Payne.

2. The appellant also contends that the trial court erred in allowing the jury to view the property in question, because of the inability to distinguish between damage to the property that occurred during the time period pertinent to this case (1986 to 1990), and any pre-existing damage.

"[T]he decision to allow a jury to view a scene is discretionary with the trial court. . . . [Cit.]" *Parks v. Howard*, 197 Ga. App. 405, 406 (3) (398 SE2d 308) (1990). In the instant case, the jury was informed that they were to determine only the injury to the property that occurred between 1986 and 1990. The trial court also admitted into evidence a series of photographs of the property taken between 1986 and 1990, which the jury could use for comparison. Under these circumstances, the trial court did not abuse its discretion in allowing the jury to view the subject property.

3. We have considered the appellant's remaining enumerations of error and find them to be without merit.

*Judgment affirmed in part and reversed in part. Beasley, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 3, 1994 —
RECONSIDERATIONS DENIED NOVEMBER 18, 1994 —

*Glyndon C. Pruitt,* for appellant.
*T. Stanley Sunderland,* for appellees.