A97A1423. JOHNSON et al. v. WATSON et al.
(491 SE2d 827)

ANDREWS, Chief Judge.

Sheila and Bill Johnson appeal from the trial court's denial of their motion for new trial. The Johnsons brought an action against Tracy Watson and Vincente Cruz after the car Watson was driving rear-ended Sheila Johnson's car while she was stopped at an intersection. The trial court directed a verdict as to liability and the issue of damages was tried to a jury. The jury returned a verdict of $5,664.75 for Sheila Johnson and nothing to Bill Johnson on his loss of consortium claim.

On appeal, the Johnsons claim the verdicts are inconsistent, inadequate, and contrary to the evidence and also that the trial court

erred when charging the jury and in refusing to admit a medical record. We disagree and affirm the judgment of the trial court.

1. First, the Johnsons claim the trial court erred in denying their motion for new trial because the verdicts were inadequate and contrary to the evidence. With regard to the amount of damages awarded, "[t]he general rule on appeal of an award of damages is that a jury's award cannot be successfully attacked so as to warrant a new trial unless it is so flagrantly excessive or inadequate, in the light of the evidence, as to create a clear implication of bias, prejudice or gross mistake on the part of the jurors. (Cits.) Even though the evidence is such as to authorize a greater or lesser award than that actually made, the appellate court will not disturb it unless it is so flagrant as to 'shock the conscience.' [Cits.]" *Lee v. Britt*, 200 Ga. App. 1, 2 (406 SE2d 535) (1991) (citing *Cullen v. Timm*, 184 Ga. App. 80, 82-83 (360 SE2d 745) (1987)).

Here, there was some controversy as to the amount of days Sheila Johnson missed from work, and whether some of the medical bills were for this accident, a previous one or a subsequent one. Also, the emergency room doctor testified that he found no sign of any injury when he examined Sheila Johnson after the accident, and did not refer her to another doctor for a follow-up visit. Moreover, Sheila Johnson admitted to lying under oath about the previous accident and the subsequent one.

Therefore, when the disputed special damages are subtracted from the total special damages claimed, the remainder does not exceed, and in fact is less than, the jury's verdict. The trial court did not err in denying the motion for new trial on this issue. *Williams v. Opriciu*, 198 Ga. App. 663, 664 (402 SE2d 744) (1991).

2. In their next enumeration, the Johnsons claim the verdicts were inconsistent because Sheila Johnson was awarded $5,664.75 and Bill Johnson was awarded nothing on his claim for loss of consortium. "This court does recognize the rule that a consortium action is derivative and when it is tried along with the primary action, a jury cannot render inconsistent verdicts." *Johnson v. Loggins*, 211 Ga. App. 265, 266 (438 SE2d 711) (1993); *Gurly v. Hinson*, 194 Ga. App. 673, 675 (391 SE2d 483) (1990). "However, in view of the evidence produced at trial, we find that the verdicts rendered are not inconsistent." Id.

There was evidence at trial from which the jury could have concluded that Bill Johnson should recover nothing on his loss of consortium claim. From the evidence discussed above and also Sheila Johnson's admission that no doctor ever placed any limitation on her activities, the jury could have found that Bill Johnson was not entitled to recover on his loss of consortium claim.

3. Next, the Johnsons contend the trial court erred in charging the jury on the issues left to be determined. The court charged the following: "In this case the court has directed a verdict on the issue of liability. In other words, the collision was the fault of the Defendant, Tracy Watson. The only issues left to be determined by you are whether the Plaintiff's injuries, Plaintiffs were injured [sic] as a result of the collision and if so, what is the amount of damages resulting therefrom.

"The Plaintiff has the burden of proof, which means that the plaintiff must prove whatever it takes to make out his or her case, except for any admissions by the Defendant. Plaintiff must prove his case by what is known as preponderance of the evidence, that is, evidence upon the issues involved in which, while not enough to wholly free the mind from any reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than the other."

The Johnsons contend that when the court directed a verdict as to liability it had already determined that Sheila Johnson was injured and the accident was the proximate cause of those injuries. Therefore, they claim the trial court erred in charging the jury that they were to determine whether Sheila Johnson was injured or not.

The only error was in the court's use of the term "liability" when it meant "negligence." Here, as in *Harrison v. Feather*, 211 Ga. App. 468 (439 SE2d 706) (1993), and *Hughes v. Newell*, 152 Ga. App. 618 (263 SE2d 505) (1979), the trial court should not have used the word "liability" when it was directing a verdict as to negligence only, "for to find 'liability' it contains both negligence and that this negligence was the proximate cause of the plaintiffs' injuries or damages." *Harrison*, supra at 469. It is clear from the evidence that negligence had been established, but whether this negligence was the proximate cause of Sheila Johnson's injuries and the amount of damages if any, were decisions subject to proof. *Harrison*, supra at 469. The trial court did not err in charging the jury on proximate cause.

4. The Johnsons next contend the trial court erred in charging the jury they were "not to show favor or sympathy to one party or the other." The Johnsons cite to no authority, nor do we find any, that supports their proposition that it was error to give this pattern charge to the jury. This enumeration of error is without merit.

5. The Johnsons also claim the trial court erred in charging the jury on expert witnesses. The charge complained of is the pattern charge which defines expert witnesses and then states: "You are not required to accept the testimony of any witness, expert or otherwise. Testimony of an expert, like that of all witnesses, is to be given only such weight and credit as you think it is properly entitled to receive." Again, the Johnsons cite to no authority on point in support of their

contention that the trial court erred in giving this charge. We find no error.

6. In their final enumeration, the Johnsons contend the trial court erred in refusing to allow them to introduce a copy of the emergency room medical record showing that the emergency room doctor prescribed Tylenol #3 for Sheila after the accident. The doctor, who was called as a defense witness, could not remember prescribing any painkiller or other medicine for Sheila Johnson. The day after the emergency room physician testified, the Johnsons' counsel attempted to introduce the emergency room medical record to show that the doctor did prescribe a painkiller. Opposing counsel objected, claiming this was a surprise because the record had never been produced in response to interrogatories. Counsel also objected because the Johnsons had already called the emergency room doctor to testify and failed to introduce the records while the doctor was on the stand. Accordingly, there would be no opportunity to cross-examine on this issue.

Admissibility of evidence is a matter which rests largely within the sound discretion of the trial court, and this Court will not interfere with the trial court's ruling absent an abuse of that discretion. *State Farm Mut. Auto. Ins. Co. v. Drury*, 222 Ga. App. 196, 200 (474 SE2d 64) (1996). The trial court, in its discretion, may exclude evidence which was not produced prior to trial and therefore is a "surprise" to the opposing party. *Hanna &c. Enterprises v. Alterman Foods*, 156 Ga. App. 376, 378-379 (274 SE2d 761) (1980). The trial court did not abuse its discretion in refusing to admit the medical record.

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 3, 1997 —

*L. B. Kent*, for appellants.
*Self, Mullins, Robinson, Marchetti & Kamensky, Ronald W. Self*, for appellees.