A99A2264. FULTON-FRITCHLEE v. DOUGLAS.
(523 SE2d 349)

JOHNSON, Chief Judge.

Linda Fulton-Fritchlee sued William Douglas for injuries allegedly sustained in an automobile accident. A jury found in favor of

Douglas. Fulton-Fritchlee appeals, alleging four errors occurred at trial. For reasons that follow, we affirm.

The evidence at trial showed that Douglas stopped his truck behind Fulton-Fritchlee's vehicle at a traffic signal. After the light turned green, Douglas' truck rolled into Fulton-Fritchlee's vehicle at less than ten mph. Fulton-Fritchlee got out of her vehicle and did not make any complaints to Douglas when he asked if she was injured. Fulton-Fritchlee's suit, however, alleged she sustained "permanent and irreversible personal injury, pain, suffering and emotional distress."

During her deposition, Fulton-Fritchlee denied ever injuring or having problems with her neck prior to this accident on July 18, 1994. At trial, Douglas' counsel attempted to impeach Fulton-Fritchlee using her medical records. These medical records revealed that from 1989 until 1991, Fulton-Fritchlee was involved in four automobile accidents. She filled out and signed a medical form on January 18, 1990, describing severe pain and tightness in her neck and across her shoulders as a result of her November 29, 1989 accident. She also filled out another medical form dated May 3, 1991, listing an injury to her neck due to an April 1991 accident. On February 8, 1994, Fulton-Fritchlee went to see a doctor complaining that it hurt to turn her neck to the left. And, just one month before the accident with Douglas, Fulton-Fritchlee visited her chiropractor seven times, complaining of stiffness in her shoulder muscles.

At trial, Fulton-Fritchlee also complained that her neck problems had been constant since the day of the accident in July 1994. Douglas' counsel attempted to impeach her with an August 19, 1994 medical record showing that on this date she saw a doctor and filled out a form on which she indicated her current, past or unusual symptoms. She failed to mention any neck or shoulder problems. In addition, when she filled out a medical form on December 11, 1995, asking her to list all major injuries she had sustained, she failed to list neck or shoulder problems.

1. In her first enumeration of error, Fulton-Fritchlee contends the trial court erred in permitting Douglas' counsel to cross-examine her using her medical records without first allowing her counsel to view the documents. She alleges that she and her attorney were somehow surprised when Douglas' counsel cross-examined her regarding prior inconsistent statements made in her medical records. This enumeration of error lacks merit.

All the prior inconsistent statements used by Douglas' counsel for impeachment purposes came directly from Fulton-Fritchlee's medical records, which were available to Fulton-Fritchlee and listed by Douglas' counsel in the pre-trial order. Thus, Fulton-Fritchlee cannot claim surprise. Moreover, the trial court correctly ruled that if

the documents were being used for purposes of impeachment, and not being introduced into evidence, then they did not have to be shown to Fulton-Fritchlee's counsel.

OCGA § 24-9-82 provides that a witness may be impeached by disproving facts testified to by her. If the contradictory statements are in writing and in existence, they must be shown or read to the witness. OCGA § 24-9-83. Contrary to Fulton-Fritchlee's contention, the statute does not require that the written statements must first be shown to opposing counsel, even where the witness is the opposing party. In fact, the prior inconsistent statements do not have to be introduced into evidence before they are used for impeachment purposes. See generally *Duckworth v. State*, 268 Ga. 566, 568 (1) (492 SE2d 201) (1997).

In the present case, Douglas' counsel properly followed the requirements of OCGA § 24-9-83 with regard to the 1990 medical record at issue. The document was shown to Fulton-Fritchlee, her signature was identified, and her description of prior complaints of severe neck pain following her 1989 accident was identified. This evidence was presented in response to Fulton-Fritchlee's previous testimony where she denied any severe neck pain following her 1989 accident. The document was never introduced into evidence. The trial court did not err in denying Fulton-Fritchlee's attorney's request to view the 1990 medical record before Douglas' counsel used it for impeachment purposes.

As for the other incidents where Fulton-Fritchlee was impeached with her own medical records, the transcript shows that her attorney never objected to any of these other occasions and never requested to see the documents at these other occasions. Thus, Fulton-Fritchlee has waived any objection to the use of her medical records for impeachment purposes on these occasions. See generally *Fuller v. State*, 230 Ga. App. 219, 220 (2) (496 SE2d 303) (1998); *Ramey v. Leisure, Ltd.*, 205 Ga. App. 128, 132 (2) (421 SE2d 555) (1992).

2. Prior to trial, the court ruled that evidence regarding the use or non-use of seatbelts was inadmissible. Fulton-Fritchlee contends Douglas violated this ruling of the court. We disagree.

Based on contentions that Douglas was driving too fast and that she experienced unremitting neck pain as a result of the impact, Fulton-Fritchlee was asked at trial if the impact caused her to strike anything inside her vehicle. She responded that she did not remember striking her body against anything, including the steering wheel. She was also asked how far she sits from the steering wheel, and she responded less than an arm's length. Fulton-Fritchlee was then asked, "[a]nd ma'am, the impact was not even hard enough to move you less than an arm length into the steering wheel, was it?" Her counsel objected, but was overruled, and Fulton-Fritchlee testified

once again that she did not hit the steering wheel.

Contrary to Fulton-Fritchlee's argument, we do not find that this line of questioning unlawfully interjected the issue of the use or non-use of seatbelts into evidence. The questioning never mentioned the issue of seatbelts. It merely dealt with the relevant issue of force of the impact and how that force, or lack thereof, caused Fulton-Fritchlee's body to react.

3. Fulton-Fritchlee contends the trial court erred in charging the jury that "the mere fact that a vehicle is struck in the rear is not, standing alone, sufficient to fix liability on the driver of the striking vehicle." According to Fulton-Fritchlee this charge was not authorized by the evidence because the evidence was clearly against Douglas on the issue of negligence. We disagree.

First, this charge was approved in *Verde v. Granary Enterprises*, 178 Ga. App. 773, 774 (3) (345 SE2d 56) (1986). In a suit for injuries, the issue of liability depends upon a factual resolution of the issues of diligence, negligence and proximate cause. See *Harrison v. Feather*, 211 Ga. App. 468, 469 (1) (439 SE2d 706) (1993); *Consolidated Freightways v. Futrell*, 201 Ga. App. 233, 235 (5) (410 SE2d 751) (1991). While it was undisputed that Douglas struck Fulton-Fritchlee's car in the rear, the issue of proximate cause, especially in light of Fulton-Fritchlee's injuries in previous car accidents, was at issue. The charge given was appropriate.

4. Fulton-Fritchlee further contends the trial court erred in failing to give the following requested charge: "I charge you that the purpose of damages is to place an injured party in the same position as she would have been in had there been no injury or breach of duty, that is, to compensate for the injury actually sustained." Since the jury returned a verdict in favor of defendant Douglas, any error in failing to give the requested instruction regarding damages is harmless because it does not affect the verdict. See *Dunn v. Payne*, 205 Ga. App. 440, 442 (2) (422 SE2d 291) (1992); *Pool Markets South v. Moore*, 189 Ga. App. 48-49 (2) (374 SE2d 831) (1988).

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 6, 1999 —
RECONSIDERATION DENIED OCTOBER 19, 1999 — ▮

*James D. Nichols, Jr.*, for appellant.
*Downey & Cleveland, Rodney S. Shockley, Robert E. Bourne*, for appellee.