**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

June 24, 2014

# In the Court of Appeals of Georgia

A14A0073. HUNT v. THE STATE.

BARNES, Presiding Judge.

Following the grant of Michael Hunt's discretionary application, he appeals from the trial court's order revoking his probation. Upon our review, and upon finding that the alleged child molestation offense was not supported by a preponderance of the evidence, we vacate the trial court's order and remand the case to the trial court for further proceedings.

OCGA § 42-8-34.1 (b) provides that "[a] court may not revoke any part of any probated or suspended sentence unless the defendant admits the violation as alleged or unless the evidence produced at the revocation hearing establishes by a preponderance of evidence the violation or violations alleged." And this court will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court.

(Citation and punctuation omitted.) *Parker v. State*, 275 Ga. App. 35 (619 SE2d 750) (2005). Further, OCGA § 42-8-34.1 (c) provides that

> At any revocation hearing, upon proof that the defendant has violated any general provision of probation or suspension other than by commission of a new felony offense, the court shall consider the use of . . . any . . . alternative to confinement deemed appropriate by the court or as provided by the state or county. In the event the court determines that the defendant does not meet the criteria for said alternatives, the court may revoke the balance of probation or not more than two years in confinement, whichever is less.

The trial court sits as the trier of fact in revocation proceedings and resolves all issues of witness credibility. *Dugger v. State*, 260 Ga. App. 843, 847 (3) (581 SE2d 655) (2003).

The evidence shows that on November 22, 2010, Hunt was sentenced to five years, one to serve and the remainder on probation, for theft by shoplifting. On August 28, 2012, a petition to revoke Hunt's probation was filed, which alleged that Hunt had committed child molestation on July 19, 2012, and had also failed to pay court-ordered monies.

At the revocation hearing, the probation officer testified that Hunt had two years, five months, and twenty-six days remaining on probation, that he had not reported to the state probation office in almost two years, and that he had not paid any amount toward his assessed fines.

Hunt's brother testified that he was babysitting a cousin's four-year-old son while Hunt was at his home; that he walked into his living room and saw the boy's head between Hunt's legs; that the boy could have been sleeping; and he told the child to get up. The brother was asked if he remembered writing a statement for the police and telling the officers that, according to the boy, Hunt had told the child to "put it in his mouth." The brother responded that he had not written a statement, but that the child's mother had done so. The trial court sustained defense counsel's objection that what the child allegedly said was hearsay. On cross-examination, the brother testified that Hunt and the child were asleep on the couch and that they were fully clothed. He testified that "nothing bad happened."

Thereafter, the State asked that Hunt's probation be revoked for at least two years for the technical violations, including not reporting and not paying the court-ordered fines, and that there was evidence that something inappropriate had occurred between Hunt and the boy. The trial court revoked the remainder of Hunt's probation

3

– two years, five months, and twenty-six days. On appeal, Hunt argues, and the State concedes, that the evidence was insufficient to show that he committed the offense of child molestation.

1. Proof by a "preponderance of the evidence" means proof by "evidence upon the issues involved in which, while not enough to wholly free the mind from any reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than the other." *Johnson v. Watson*, 228 Ga. App. 351, 353 (3) (491 SE2d 897) (1997). To establish the offense of child molestation, the State was required to show by a preponderance of the evidence that Hunt, did an "immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). The competent evidence, non-hearsay presented at the hearing only demonstrated that Hunt's brother saw Hunt, who was fully clothed, asleep on a sofa with a fully clothed child lying on his lap. The brother further testified that he did not see them doing anything wrong.

As the State concedes, this evidence was insufficient, under a preponderance of the evidence standard, to find that Hunt committed the additional offense of child

molestation, and thus, the trial court manifestly abused its discretion by revoking Hunt's probation on that basis.

2. Hunt also contends that the trial court erred in revoking the remainder of his probation, because it could not revoke more than two years of probation due to the remaining technical violation. We agree. Here, the petition alleged that, in addition to committing another felony, Hunt also failed to report or pay court-ordered monies. The trial court's order merely stated that Hunt had violated his probation "as set forth in the petition" and revoked "in full" the remainder of Hunt's probation. Thus, the revocation was based on the purported felony as well as, the technical violations.

Hunt does not challenge the technical basis for the revocation. Thus, because the trial court based its decision on both grounds alleged in the petition, and the evidence was insufficient to find that Hunt was guilty of the additional felony offense, the only offenses remaining under which his probation could be revoked were the technical violations. Because the trial court could not revoke more than two years of probation on the remaining technical violations, per OCGA § 42-8-34.1 (c), the revocation of Hunt's probation of two years, five months, and twenty-six days was in error. See *Henley v. State,* 317 Ga. App. 776, 779-780 (2) (732 SE2d 836) (2012)

Thus, we vacate the trial court's order to the extent that it found the evidence of child molestation sufficient, and remand the case to the trial court for resentencing in accordance with OCGA § 42-8-34.1 (c).

*Order vacated and case remanded with direction. Boggs and Branch, JJ., concur.*