# Court of Appeals
# of the State of Georgia

ATLANTA,　August 30, 2022

*The Court of Appeals hereby passes the following order:*

## A22A0941. JOHNSON v. THE STATE.

Following the revocation of his probation, Savion Johnson filed an application for discretionary appeal, which this Court granted based on the application materials available at the time. Upon review of the complete record now available on appeal, the appeal is hereby DISMISSED as improvidently granted.

> A [trial] court may revoke probation based on new violations if the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged. And this Court will not interfere with a revocation absent manifest abuse of discretion on the part of the trial court. Accordingly, *if admissible evidence is presented in support of the allegations regarding revocation of probation, this [C]ourt will affirm.*

(Emphasis supplied; citations and punctuation omitted.) *Brown v. State*, 294 Ga. App. 1, 3 (2) (668 SE2d 490) (2008). See also OCGA § 42-8-34.1 (b) ("A court may not revoke any part of any probated or suspended sentence unless the defendant admits the violation as alleged or unless the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged.").

Here, the record shows that in September 2020, Johnson pleaded guilty to theft by receiving a stolen rifle and obstruction of an officer by running to avoid arrest. He was sentenced to ten years of probation, including a condition that he not violate any criminal laws.

In 2021, the State filed a petition to revoke Johnson's probation on the ground

that he committed two new offenses: aggravated assault and theft by taking a motor vehicle. Following an evidentiary hearing, the trial court found that Johnson had committed the new offenses for purposes of the petition and revoked the remainder of his probation. Johnson filed an application for discretionary appeal to this Court, which was granted.

On appeal, Johnson contends that the trial court erred because (1) the State failed to prove (a) that he committed the aggravated assault and (b) that he committed theft by taking; and (2) the trial court improperly admitted a hearsay statement Johnson gave to police. These arguments are without merit.

1. (a) *Aggravated assault*. The evidence from the revocation hearing included testimony by several witnesses as well as Johnson. The evidence showed that Johnson drove a car while his friend, Jai Lucas, directed him to a location so he could confront another person about a "beef" Lucas had with another person about the mother of Lucas's child. When they arrived at Lucas's destination, Lucas shot a handgun at a grandfather and his grandson while they played together in a field. Neither person was injured.

At the hearing, there was evidence that Johnson explained that Lucas initially drove, and he took over the driving because Lucas did not know the area. Johnson said he only participated because he was afraid of Lucas because he had a gun and threatened Johnson. But there was other evidence that Johnson admitted to police that he knew about the "beef," that Lucas had a gun, and that Lucas was looking for a confrontation about the dispute. Also, Johnson took over the driving only one minute before Lucas began firing at the victims. Further, after the shooting, Johnson accompanied Lucas to a Subway restaurant where, at Lucas's direction, Johnson disposed of shell casings into nearby bushes. The trial court, as finder of fact, was not obligated to believe the exculpatory portion of Johnson's testimony, and the other parts of the evidence support a finding that Johnson participated in the aggravated assault. See *Hunt v. State*, 327 Ga. App. 692 (761 SE2d 99) (2014) ("The trial court sits as the trier of fact in revocation proceedings and resolves all issues of witness credibility").

"Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." OCGA § 16-2-20 (a). Although "mere presence at the scene of a crime is not sufficient evidence to convict one of being a party to a crime, criminal intent may be inferred from presence, companionship, and conduct before, during, and after the offense." (Citation and punctuation omitted.) *Parks v. State*, 304 Ga. 313, 315 (1) (a) (818 SE2d 502) (2018). Based on Johnson's conduct during and after the shooting, he was not merely present during the shooting, and when the record is viewed in the proper light on appeal, we discern no manifest abuse of discretion by the trial court in finding by a preponderance of the evidence that Johnson participated in the aggravated assault.

(b) *Theft of the vehicle*. The evidence from the revocation hearing also included testimony from a member of the car owner's household that she knew Johnson and saw him steal the car out of their driveway. This testimony was sufficient to prove Johnson's conduct in stealing the car, see OCGA § 24-14-8, and, as noted above, the trial court was not required to believe Johnson's exculpatory explanation that Lucas forced him to steal the car.

Accordingly, Johnson's challenge to the proof that he participated in the aggravated assault and in stealing the car is without merit.

2. *Evidentiary challenge*. Johnson also contends that the trial court erred by admitting certain hearsay evidence of a written statement he made to police. Pretermitting the merit of this argument, for purposes of this appeal, the above evidence supports the trial court's findings and is based on other direct, admissible testimony recounting additional conversations Johnson had with police that proved his conduct. Accordingly, even if the trial court erred by admitting the challenged written statement, its ruling was supported by other admissible evidence.

Based on a review of the completed appellate record, Johnson's appeal is dismissed.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,__08/30/2022_____*

        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____ *, Clerk.*